972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Salazar LUNA, Defendant-Appellant.
 No. 91-50392.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Salazar Luna appeals his conviction following jury trial for three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Luna contends (1) the district court abused its discretion by refusing to grant his motion to substitute counsel made during trial and renewed prior to sentencing, and (2) he received ineffective assistance of counsel in violation of the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Motions for Substitution of Counsel
 
 
 4
 We review for an abuse of discretion the district court's denial of a motion to substitute counsel. United States v. Castro, No. 91-50369, slip op. 9799, 9802 (9th Cir. Aug. 17, 1992); United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). We consider three factors when reviewing the denial of a motion to substitute counsel: " 'the timeliness of the motion, the adequacy of the lower court's inquiry into the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense.' " Schaff, 948 F.2d at 503 (quoting United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991)).
 
 
 5
 Luna made his first motion for substitution of counsel on the second day of a three day trial, and renewed his request on the morning of the sentencing hearing. We have consistently held untimely motions for substitution of counsel which are made on the eve of, or during trial when such a motion would necessitate a continuance. See, e.g., Castro, No. 91-50369, slip op. at 9803 (motion made three days prior to trial date); Schaff, 948 F.2d at 504 (motion made on fifth day of trial); Garcia, 924 F.2d at 926 (motion made six days prior to trial date); United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986) (motion made on first day of trial); United States v. Rogers, 769 F.2d 1418, 1423-24 (9th Cir.1985) (motion made on morning of trial). New counsel would necessarily have required a continuance to familiarize herself with the case before either trial or sentencing could have proceeded. Therefore, the trial court did not err under this factor by denying Luna's motion.
 
 
 6
 The record indicates that the district court conducted extensive inquiries into Luna's complaints underlying his motions to substitute counsel. Luna does not indicate what more the district court could have done, other than to grant the motions. We hold the district court conducted a sufficient inquiry into Luna's complaints. See Garcia, 924 F.2d at 927.
 
 
 7
 Finally, the attorney-client conflict in this case merely represented a disagreement over strategy rather than a total lack of communication preventing an adequate defense. See Schaff, 948 F.2d at 505.
 
 
 8
 Thus, the district court did not abuse its discretion by denying Luna's motions for substitution of counsel. See Castro, No. 91-50369, slip op. at 9805; Schaff, 948 F.2d at 505; Garcia, 924 F.2d at 927.
 
 II
 Ineffective Assistance of Counsel
 
 9
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case with respect to Luna's claims of ineffective assistance relating to his counsel's decision not to challenge prior convictions alleged in the presentence report.
 
 
 10
 Nonetheless, the record is sufficiently developed to address Luna's other ground for alleging ineffective assistance. Luna contends that his counsel failed to object to the government's requests that he don a baseball cap and sunglasses in court so that witnesses might attempt to make an in-court identification of him as the bank robber. This claim is without merit.
 
 
 11
 To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance fell below an objective standard of reasonableness and that the conduct prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Conduct falls below an objective standard of reasonableness when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689.
 
 
 12
 It is well established that a defendant may be required to put on items of clothing for identification purposes in open court and that this does not violate the privilege against self-incrimination. See, e.g., United States v. Domina, 784 F.2d 1361, 1371 (9th Cir.1986) (defendant required to put on mask similar to that worn by robber), cert. denied, 479 U.S. 1038 (1987). Therefore, Luna's counsel did not err by failing to object to the government's request. Furthermore, Luna cannot establish prejudice because none of the witnesses present were able to make a positive identification of Luna even when he was wearing the baseball cap and glasses.
 
 
 13
 Therefore, we hold that the services Luna's counsel provided him did not fall below objective standards of reasonable professional assistance so as to render her assistance ineffective. See Strickland, 466 U.S. at 699.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3