**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Marvin Neal SMITH,
Defendant/Appellant.**

No. 84–1262.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 1985.*

Decided Jan. 15, 1986.

James E. White, Asst. U.S. Atty., Fresno, Cal., for plaintiff/appellee.

Patience Milrod, Fresno, Cal., for defendant/appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(f) because the arguments are adequately presented by the briefs.

Before SCHROEDER, ALARCON, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Marvin Neal Smith was indicted and tried for armed robbery of a savings and loan association in violation of 18 U.S.C. §§ 2113(a) and (d) (1982). On the second day of his three day trial, after thirteen of fifteen prosecution witnesses had testified, Smith requested permission to represent himself. The court denied the request on the grounds that it was untimely, would result in delay and was made for the tactical purpose of delay. Smith was convicted and timely appeals. We affirm.

■ A defendant has a constitutional right to proceed pro se. *Faretta v. California*, 422 U.S. 806, 832, 95 S.Ct. 2525, 2539, 45 L.Ed.2d 562 (1975). Since the right to proceed pro se is constitutional, a defendant need not show prejudice resulting from the denial of his demand. *Bittaker v. Enomoto*, 587 F.2d 400, 402–03 (9th Cir.1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979). The court's factual findings are reviewed for clear error. *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). In this case we need not decide whether to apply a de novo or abuse of discretion standard of review to the denial of a defendant's demand made during trial to dismiss his attorney and proceed pro se. *See McConney*, 728 F.2d at 1199–1204. *See also United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979), *cert. denied*, 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980); *United States v. Dunlap*, 577 F.2d 867, 869 (4th Cir.), *cert. denied*, 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978); *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir.1985) (denial of defendant's continuance motion made for the purpose of allowing him to proceed pro se is reviewable for an abuse of discretion).[1] Under either standard of review we hold that it was not error under these circumstances to deny Smith's request to proceed pro se.

■ To preserve his right to self-representation, a defendant must make a timely and unequivocal request for self-representation which is not a tactic to secure delay. *Armant v. Marquez*, 772 F.2d at 555. The district court did not err in denying Smith's request as untimely, and the court's finding that the purpose of Smith's request was to delay trial was not clearly erroneous.

## I

### Timeliness

■ This court has held that a demand for self-representation is timely if made before meaningful trial proceedings have begun. *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir.1982). This court has also found that a request is timely if made prior to jury selection, *Maxwell v. Sumner*, 673 F.2d 1031, 1036 (9th Cir.), *cert. denied*, 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982), or if made before the jury is empaneled, unless it is made for the purpose of delay. *Fritz*, 682 F.2d at 784.

Here, Smith waited until the trial was in an advanced stage, after the government had called thirteen of its fifteen witnesses, before requesting the right to proceed pro se. The basis of Smith's request was that before trial his attorney did not keep scheduled appointments but saw him at times convenient to counsel, and had not explained a pretrial decision before Smith appeared in court. Smith stated that he felt his case "could be handled a whole lot better than it is being handled now."[2]

---

1. Smith points out that he did not request a continuance. However, Smith apparently made his request to represent himself with the belief that he could do preparatory legal research. This would require a continuance.

2. In response to the court's questions about the reasons for Smith's request, Smith said, "Well,

The court found that the request, made half-way through trial, was not timely because it was based on matters that occurred prior to trial. It also found that the trial would need to be continued if the request were granted, apparently to allow Smith to research his case at the law library. These findings were not clearly erroneous.

 Furthermore, the court found that even assuming that Smith's request had been timely, the purpose of the request was to cause delay. In deciding whether a timely request was made for the purpose of delay, the court must examine the events preceding the request to determine if they are consistent with a good faith assertion of the *Faretta* right and whether the defendant could reasonably be expected to have made the request at an earlier time. *Fritz*, 682 F.2d at 784–85. Here, the court noted that Smith's reasons all related to matters that had occurred prior to trial. Thus, they could have been raised earlier. The court's findings, including the ultimate finding of intent, were not clearly erroneous. *See Pullman-Standard v. Swint*, 456 U.S. 273, 288–90, 102 S.Ct. 1781, 1789–91, 72 L.Ed.2d 66 (1982).

Our conclusion in *Armant v. Marquez* that the denial of a defendant's continuance motion made for the purpose of allowing the defendant to proceed pro se effectively rendered the defendant's right to self-representation meaningless, is not to the contrary. Armant's request was timely as a matter of law because it was made before the jury was empaneled and the record contained no suggestion that the self-representation motion was a tactic designed to delay trial. *Armant*, 772 F.2d at 555–56. In contrast, Smith's request was made long after the trial had begun, and the district court found that Smith's purpose was to delay trial.

Smith asserts that the court improperly based its decision on his lack of legal experience. A court may not base its denial of a request to proceed pro se on the defendant's lack of expertise or competence. *United States v. Price*, 474 F.2d 1223, 1227 (9th Cir.1973). While the court noted that appointed counsel was competent and that Smith lacked expertise, it clearly based its decision on timeliness.

Because we affirm on the basis of untimeliness, we do not address the government's additional contention that the request was equivocal.[3]

AFFIRMED.

---

like, you know, they have a law library at the facility over there, you know, and I'd like to, you know, take it upon myself, you know, to see this over and done with, you know. I'd feel a whole lot better about it."

**3.** Smith also contends that hearsay testimony was presented to the grand jury in violation of the confrontation clause. The contention is frivolous as there is no showing or argument made that there was not sufficient evidence for the grand jury to indict without considering the questioned testimony, *Costello v. United States,* 350 U.S. 359, 363–64, 76 S.Ct. 406, 408–09, 100 L.Ed. 397 (1956), and no motion was made prior to trial to dismiss the indictment. *See Polizzi v. United States,* 550 F.2d 1133, 1138 (9th Cir.1976); Fed.R.Crim.P. 12(b)(2) ("objections based on defects in the indictment ... must be raised prior to trial").