861 F.2d 195
 UNITED STATES of America, Appellee,
v.
Frederick Edward CHRISTIAN, a/k/a Freddie Christiansen,
a/k/a Fred E. Christiane, a/k/a Freddie Christian,
a/k/a Frederick Christiane, a/k/a Frede
Christian, Appellant.
 No. 88-1310.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 20, 1988.
Decided Nov. 18, 1988.
Rehearing and Rehearing En Banc Denied Feb. 14, 1989.
 
 Curtis C. Crawford, St. Louis, Mo., for appellant.
 David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.
 Before JOHN R. GIBSON, WOLLMAN and BEAM, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Frederick Christian appeals from his conviction of mail fraud, in violation of 18 U.S.C. Sec. 1341, social security fraud, in violation of 42 U.S.C. Sec. 5408, and making false and fraudulent statements to the Internal Revenue Service, in violation of 18 U.S.C. Sec. 1001. The sole issue on appeal is whether after two days of trial the district court[1] erred in permitting Christian's counsel to withdraw and allowing Christian to proceed pro se. Christian's argument is that the district court did not fully apprise him of the pitfalls of self-representation. We conclude that Christian was made fully aware of his rights, and that he made a knowing and intelligent waiver of his sixth amendment right to counsel. We therefore affirm the judgment of the district court.
 
 
 2
 After Christian was indicted by a federal grand jury on the charges enumerated above, he requested that the district court appoint counsel to conduct his defense. Just before the trial was to commence, however, Christian became dissatisfied with the work of his appointed counsel. The district court granted a continuance so that Christian would have an opportunity to hire a lawyer of his own choosing. The situation was resolved when Christian succeeded in securing private representation, and the case began to move forward.
 
 
 3
 Problems again developed as the trial commenced, however. After twenty-two government witnesses had testified over a two day period, Christian's lawyer informed the district court that his relationship with Christian had deterioriated to the point where further representation was impossible. At that time the district court conducted an extensive inquiry of both Christian and counsel, producing a record of approximately thirty pages. Christian was allowed to confer privately with his attorney during this procedure.
 
 
 4
 The district court found that there were strategic differences between Christian and his counsel concerning the questioning of certain witnesses. Christian admitted that he was satisfied with the quality of representation so far, but requested that his lawyer be allowed to withdraw. The district court informed Christian that it was too late for another lawyer to come into the case, and that he should be represented by counsel. Christian asked that he be allowed to complete the trial pro se. The district court explained to Christian the difficulties of proceeding without a lawyer, including the fact that he would have to comply with rules he did not understand, and asked Christian to explain his reasons for his choice to make sure that no duress or undue influence had motivated him. After finding that Christian was an articulate and intelligent person with a college degree, fully aware of the consequences of his actions, the district court allowed counsel to withdraw.
 
 
 5
 Following the withdrawal, Christian completed the trial pro se. He made motions, presented evidence, cross-examined witnesses, and argued to the jury. After deliberations, the jury returned a verdict of guilty on all counts. Christian was sentenced to three years imprisonment, and fined $8,000.
 
 
 6
 The sole issue before us is whether Christian validly waived his sixth amendment right to counsel.[2] No objection is raised concerning the conduct of the trial. Since a constitutional right is involved, any waiver must be knowing and intelligent. See Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). All relevant facts and circumstances must be examined, including the education and ability of the defendant. See id. Great care must be exercised to ensure that the defendant understands the full consequences of his choice. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). The record must establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942).
 
 
 7
 We see no genuine question that Christian's waiver of his right to counsel was voluntary, knowing, and intelligent.[3] The record made before the district court fully demonstrates this. First, Christian had a college degree. The district court found him to be articulate and intelligent, and his statements in the record bear this out. We have no doubt that he could grasp the nature of the charges against him and the ramifications of a guilty verdict.
 
 
 8
 Similarly, the record shows that Christian recognized the hazards of conducting his own defense. Christian repeatedly stated that he realized he would be bound by the rules of evidence and criminal procedure, even though he was not familiar with those rules. The following exchange is representative:
 
 
 9
 THE COURT: Also you are aware of the fact that the rules that are used in the conduct of the trial, whether a person be representing themselves or not, have to be adhered to, you understand that?
 
 
 10
 THE DEFENDANT: I understand that fully, Your Honor.
 
 
 11
 THE COURT: The Court will attempt to do what it can, the Court certainly will not be harsh but if you are doing things that are out of line as far as those rules go, the Court will have to tell you that. You understand that?
 
 
 12
 THE DEFENDANT: I understand that, Your Honor. * * *
 
 
 13
 Trial Record at 2-130. The rest of the record shows that the district court's factual inquiry closely paralleled those cited approvingly in Faretta, 422 U.S. at 835-36, 95 S.Ct. at 2541-42, and McQueen v. Blackburn, 755 F.2d 1174, 1177-78 (5th Cir.), cert. denied, 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985). Faretta states:
 
 
 14
 The record affirmatively [showed] that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned Faretta that he thought it was a mistake not to accept the assistance of counsel, and that Faretta would be required to follow all the "ground rules" of trial procedure.
 
 
 15
 Faretta, 422 U.S. at 835-36, 95 S.Ct. at 2541. Based upon Christian's repeated requests to proceed pro se, his background and demeanor, and the extensive warnings afforded by the district court, we must conclude as a matter of law that Christian validly waived his sixth amendment right to counsel.
 
 
 16
 Finally, in his separate pro se brief, Christian argues that certain alleged prosecutorial misconduct mandates a new trial. Christian has made some of these arguments in pretrial motions, where they were uniformly rejected. We have carefully reviewed the district court's findings, and do not consider them to be clearly erroneous. We do not consider Christian's claims that were not made before the district court. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); Stafford v. Ford Motor Co., 790 F.2d 702, 706 (8th Cir.1986). We therefore uphold the judgment of the district court and affirm each of Christian's convictions.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 There is no question that the district court enjoys authority to disallow substitution of counsel. The defendant must show good cause for such substitution to be allowed after the start of a trial. See, e.g., McKee v. Harris, 649 F.2d 927 (2d Cir.1981), cert. denied, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982). Christian admits that simple strategy differences do not constitute good cause. Also, Christian's motion to dismiss counsel, though unwise, was not untimely. The decision to grant the motion was at the discretion of the district court. Cf. United States v. Smith, 780 F.2d 810 (9th Cir.1986) (upholding district court denial of similar request). Christian was the one who made the motion, and he cannot now attack the acceptance of his motion on timeliness grounds
 
 
 [3]
 In a separate pro se brief, Christian also argues that his attorney was the one who made the decision to withdraw, because Christian was having difficulty paying him. Nothing in the record supports this assertion, and before the district court Christian himself stated other reasons for the motion to withdraw counsel. We reject this argument