979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Walter CARROLL, Petitioner-Appellant,
v.
A.A. GOMEZ, Respondent-Appellee.
 No. 91-55811.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Nov. 19, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carroll raises the following issues in his petition for habeas corpus: 1) he was denied a speedy trial, 2) he was denied effective assistance of counsel, and 3) he was denied the right to represent himself at trial. We find the claims meritless and dismiss the petition.
 
 
 3
 Carroll's speedy trial claim is based upon the five and one-half month delay between the United States Supreme Court denial of his petition for certiorari (Oct. 3, 1983) and the commencement of his second trial (March 13, 1984). However, to even trigger a speedy trial analysis Carroll must establish that the delay was "presumptively prejudicial." The five and one half month delay in this case was not presumptively prejudicial. See, e.g., Doggett v. United States, 112 S.Ct. 2686, 2691, n. 1 (1992) ("the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year"); United States v. Lewis, 759 F.2d 1316, 1350, n. 16 (9th Cir.1985) (seven month delay not presumptively prejudicial); United States v. Arkus, 675 F.2d. 245, 248 (9th Cir.1982) (six month delay not presumptively prejudicial).
 
 
 4
 Carroll raises a panoply of ineffective assistance claims, including defense counsel's failure to raise the speedy trial issue, failure to conduct adequate pretrial investigation, failure to effectively cross-examine witnesses, failure to call an alibi witness, and failure to obtain and review a copy of the trial transcript from Carroll's first trial. Carroll's arguments are largely conclusory. Many of counsel's decisions were arguably tactical ones, which simply didn't work out. Moreover, many of Carroll's claims, such as the failure to call an alibi witness, suffer from his inability to demonstrate what type of evidence would have been adduced had the alibi witness been called. Finally, Carroll's claim that his attorney failed to obtain and review a copy of the transcript of the first trial is belied by the record. Transcript at 28-29. Carroll's attorney stated that he obtained and reviewed a copy of the transcript of the first trial. Carroll presents no evidence that would cast doubt on his lawyer's representations.
 
 
 5
 Carroll's final contention is that the trial court erroneously denied his request for self-representation. While a defendant has a constitutional right to proceed pro se, the defendant must generally make his request to proceed pro se before meaningful trial proceedings have begun. United States v. Smith, 780 F.2d 810 (9th Cir.1986). In this case Carroll did not make his request for pro se representation until after the conclusion of the prosecution's case. The request was not timely, and we decline to accept Carroll's creative argument that the request was simply a continuation of a long-standing request for self-representation. Carroll's earlier requests were quite specifically for substitution of counsel, not for self-representation. Finally, we note that even if Carroll's request had been timely, the record demonstrates that the trial judge did not summarily deny it but instead conducted a hearing as required by People v. Windham, 19 Cal.3d 121 (1977). The trial judge weighed the relevant factors, including the quality of his lawyer's representation and the reasons for the request, and appropriately denied Carroll's untimely request. Transcript at 147-51.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3