983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horace Lee NOBLITT, Defendant-Appellant.
 No. 92-50025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horace Noblitt appeals from the district court's judgment revoking his probation. Noblitt contends that the district court's appointment of counsel for him at the probation revocation hearing violated his right to self-representation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Noblitt was convicted, following a jury trial, for failure to file income tax returns in violation of 26 U.S.C. § 7203. He was sentenced to one year of imprisonment on each of four counts, but the sentences were suspended and he was ordered to serve six months in jail followed by five years probation. The terms of his probation included a requirement that he timely file income tax returns. Although Noblitt apparently unsuccessfully attempted to retain counsel, he was represented throughout the pretrial and trial proceedings by Deputy Federal Public Defender Karen Woods. Woods filed Noblitt's notice of appeal from the conviction, but after she left the Federal Defender's office and was replaced by Harry White, Noblitt moved this court that he be allowed to represent himself. On April 30, 1990, we granted White's motion to be relieved as counsel and allowed Noblitt to proceed pro se. We affirmed Noblitt's conviction on December 19, 1990 and fined him $500 for filing a frivolous appeal.
 
 
 4
 On October 17, 1991, the Probation Office filed a petition to have probation revoked, alleging that Noblitt had failed to file an income tax return for 1990. The district court's order setting the preliminary probation revocation hearing was sent to Karen Woods, who was listed on the judgment as Noblitt's counsel. Woods appeared with Noblitt at the preliminary hearing on November 18 and the probation revocation hearing on December 9, 1991. Although Noblitt complained that he had been convicted in a "kangaroo court," "never allowed to represent myself" and "forced to use a Public Defender after this court denied me the right to effective counsel," neither he nor Woods ever expressed to the district court his desire to proceed pro se during the revocation proceedings. The district court appointed Woods as counsel of record and revoked probation, finding that Noblitt had failed to file an income tax return for 1990.
 
 
 5
 Noblitt now contends that because this court had granted him permission to proceed pro se in his appeal from the conviction, the district court erred by appointing counsel to represent him during the revocation proceedings. This contention lacks merit.
 
 
 6
 The right to counsel is automatic and must be made available at all critical stages of a criminal prosecution, whether or not the defendant has requested counsel, unless counsel is expressly waived. Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989). A probation revocation hearing has been held to be a "critical stage" to which the right to counsel attaches. See United States v. Donaghe, 924 F.2d 940, 943 n. 4 (9th Cir.) (citing Mempa v. Rhay, 389 U.S. 128 (1967)), cert. denied, 112 S.Ct. 204 (1991). Nevertheless, "[a] defendant has a constitutional right to proceed pro se." United States v. Smith, 780 F.2d 810, 811 (9th Cir.1986) (citing Faretta v. California, 422 U.S. 806, 832 (1975)). "[I]n order to invoke the sixth amendment right to self-representation, the request must be: (1) knowing and intelligent, (2) unequivocal, (3) timely, and (4) not for purposes of delay." United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). A defendant's failure to make a timely and unequivocal assertion of the right to represent himself acts as a waiver of that right. Id.; Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990).
 
 
 7
 Noblitt argues that because the sixth amendment right to counsel cannot be waived silently, a waiver of the right to decline counsel must also be established on the record. He argues that the district court was required to "conduct an inquiry" which might have "revealed" his desire to represent himself even though he never informed the district court that he wished to proceed pro se. He is wrong. Although the sixth amendment protects both the right to counsel and the right to refuse it, "the options are not equally easy to elect." Adams, 875 F.2d at 1444. Noblitt cites no authority, and we know of none, for the proposition that a court must sua sponte inform a defendant of his right to waive his sixth amendment right to counsel.[1]
 
 
 8
 Noblitt also suggests that because this court had granted his motion to proceed pro se in his earlier appeal, the district court's appointment of counsel constituted a "termination" of his right to self-representation. Nevertheless, Noblitt appeared with counsel at both revocation hearings and did not invoke his right at all, much less unequivocally. Noblitt had a right to counsel at the hearings, see Donaghe, 924 F.2d at 943 n. 4, and the district court cannot be faulted for protecting that right. See Brewer v. Williams, 430 U.S. 387, 404 (1977) (courts must indulge in every reasonable presumption against waiver of the right to counsel).
 
 
 9
 Noblitt's failure to inform the district court that he wished to appear pro se in the revocation proceedings constituted a waiver of his right to self-representation.[2] See Schaff, 948 F.2d at 503.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Noblitt also argues that his complaints about the "kangaroo court's" failure to allow him to represent himself or obtain competent counsel at trial should have alerted the district court to his desire to proceed pro se at the revocation hearing. Nevertheless, his complaints about the trial which preceded his conviction did not indicate a desire to proceed without counsel at the revocation hearing
 
 
 [2]
 Noblitt also appears to argue that this court's grant of his request to proceed pro se in his earlier appeal was defective because we failed to ascertain whether he understood his right to counsel before granting his motion. He suggests that because of this, he was unaware of his right to proceed pro se in the probation revocation hearing. We do not address this claim as it has no bearing on this appeal. Given that his motion to proceed pro se on appeal was granted, we fail to see the basis for his claim that he did not know he could move to proceed pro se in the district court. Further, as he was not denied his right to counsel in the district court, our alleged failure to inform him of his right to counsel in his earlier appeal would be immaterial to this appeal even if true