983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee A. TONEY, aka: Tony Lee, Defendant-Appellant.
 No. 92-50222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1993.
Decided Jan. 12, 1993.
 
 1
 Before CANBY and WILLIAM A. NORRIS, Circuit Judges, and TANNER* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Lee A. Toney appeals his conviction on seven counts of willfully advising the preparation of false income tax returns in violation of 26 U.S.C. § 7206(2). Toney contends that he is entitled to a reversal because the trial court denied him his right to represent himself, right to counsel of his choice, and right to call witnesses on his own behalf. In addition, Toney maintains that he was denied his Sixth Amendment right to effective assistance of counsel.
 
 
 4
 We affirm.
 
 DISCUSSION
 
 5
 I. Toney's right to represent himself at trial.
 
 
 6
 Toney contends that the district court denied Toney his right to represent himself at trial. To preserve his right to proceed pro se, a defendant must make a timely and unequivocal request for self-representation. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991); United States v. Smith, 780 F.2d 810, 811 (9th Cir.1986). Toney's request was neither unequivocal nor timely. At most, Toney's utterances regarding proceeding without counsel constituted vague inquiries. Jackson v. Ylst, 921 F.2d 882, 888-89 (9th Cir.1990). Toney did not voice his concerns about the quality of his counsel's representation until the second day of the jury trial. Schaff, 948 F.2d at 503 (citing Smith, 780 F.2d at 811, and Jackson, 921 F.2d at 888). The district court did not err in declining to extend to Toney, after the jury was impaneled and the trial underway, an opportunity to represent himself.
 
 
 7
 II. Toney's right to counsel of his choice.
 
 
 8
 We also reject Toney's claim that the trial court denied him his right to counsel of his choice. In reviewing a denial of Toney's demand for substitute counsel, we consider three factors: (1) the timeliness of his request, (2) the adequacy of the trial court's inquiry into Toney's complaint, and (3) whether Toney's conflict with counsel was so serious as to create a total lack of communication such that the defense was unable to present an adequate defense. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). Each of these factors supports the district court's denial of Toney's request for substitute counsel.
 
 
 9
 As we have stated above, Toney's request was not timely: A jury had already been empaneled and the trial was in its second day when the request came. Toney himself acknowledged that a continuance would be necessary should the court grant his request. See United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986) (holding that district court has broad discretion to deny request for substitution if substitution would require a continuance).
 
 
 10
 The district court's inquiry into Toney's reasons for requesting substitute counsel was adequate. Garcia, 924 F.2d at 926-27; Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983). In two different colloquies with the defendant, the district court ascertained the basis of Toney's dissatisfaction with his counsel and attempted to reassure Toney that he was receiving competent and forceful representation. The district court's inquiry was sufficient for the court to conclude that Toney's complaints about his counsel did not justify granting Toney's request for substitute counsel. The source of Toney's dissatisfaction was, the district court found, defense counsel's refusal to follow the strategy that Toney believed would be most effective. The district court tried to convey to Toney that the difference between Toney and his counsel was probably attributable to his attorney's superior command of trial tactics and the law. Garcia, 924 F.2d at 926-27; Schaff, 948 F.2d at 504-05.
 
 
 11
 Finally, the record contains no evidence that Toney's conflict with his appointed attorney created a lack of communication that prevented the defense from presenting an adequate defense, nor does Toney assert that a breakdown in communications with his attorney occurred. Cf. United States v. Walker, 915 F.2d 480, 483-84 (9th Cir.1990) (holding that defense had been inadequate where defendant refused to speak with counsel concerning case preparation); United States v. Wadsworth, 830 F.2d 1500, 1509 (9th Cir.1987) (holding that denial of request for substitute counsel was improper where defense counsel had ceased trial preparation due to conflict).
 
 
 12
 III. Toney's right to a continuance in order to call witnesses to testify in his behalf.
 
 
 13
 Toney asserts that the district court erred in denying his request for a continuance because the denial prevented him from calling witnesses to testify in his behalf. We reject this claim. The district court's denial of Toney's continuance request was not arbitrary and unreasonable because: (1) Toney has not demonstrated diligence in attempting to obtain the witnesses whose testimony he desired; (2) it is unlikely that the continuance would have satisfied Toney's need; (3) a continuance would have caused great inconvenience to the court, the jury, the opposing party, and the witnesses; and (4) Toney has failed to demonstrate that he was harmed by the denial. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1991); see also United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (defendant must show that denial must result in actual prejudice to prove reversible error).
 
 
 14
 Toney has not shown that he exercised diligence in attempting to obtain the witnesses whose attendance he desired at trial. United States v. Sterling, 742 F.2d 521, 527 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985) (holding that defendant has burden of proving due diligence). Nor did Toney explain why he needed additional time to locate the witnesses. Toney was utterly unable, moreover, to explain to the court how the witnesses would have supported the defense. As the district court noted, the testimony of other persons whose tax returns Toney has prepared without violating the law would not be admissible to show that Toney had acted properly with regard to the seven tax returns that were at issue in Toney's criminal trial. See Fed.R.Evid. 402, 403, 404(b), 609(b). Granting a continuance after the trial was under way would have caused great inconvenience to the court and the government.
 
 
 15
 Finally, as Toney concedes in his appellate brief, he is unable to show that denial of the request for a continuance caused him actual prejudice. See Shirley, 884 F.2d at 1134 (defendant must prove that denial resulted in actual prejudice). We reject Toney's assertion that the district court erred in denying his request for a continuance.
 
 
 16
 IV. Toney's right to effective assistance of counsel.
 
 
 17
 Toney asserts that he was denied effective assistance of counsel. As Toney repeatedly asserts in his brief, the record is not sufficiently developed to permit review of this claim. The appropriate means for Toney to pursue his ineffective assistance claim is a collateral proceeding under 28 U.S.C. § 2255. Accordingly, we decline to resolve Toney's ineffective assistance of counsel claim in this appeal. United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); United States v. Molina, 934 F.2d 1440, 1446-47 (9th Cir.1991); United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, United States Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3