5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Lamont BAILEY, Defendant-Appellant.
 No. 92-10341.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CR-90-00044-VRW, Vaughn R. Walker, District Judge, Presiding.
 N.D.Cal.
 REVERSED AND REMANDED.
 Before: WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Bailey appeals from his judgment of conviction on three counts of armed robbery and related weapons offenses. The district court had jurisdiction under 18 U.S.C. Sec. 3231. Bailey's pro se notice of appeal is deemed timely even though he filed with the court of appeals instead of the district court. Brannan v. United States, 993 F.2d 709, 710 (9th Cir.1993). We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 2
 Bailey argues that (1) the district court improperly denied him the right to proceed pro se, (2) the district court abused its discretion by ordering him shackled during trial, (3) the district court abused its discretion by denying his motion to dismiss, and (4) voir dire was insufficient to screen jurors for bias or prejudice.
 
 
 3
 We review for clear error the findings of fact underlying the district court's denial of Bailey's request to proceed pro se. See United States v. Smith, 780 F.2d 810, 811 (9th Cir.1986). We have not yet decided whether de novo or abuse of discretion is the proper standard for reviewing a district court's determination of whether the facts support the allowance or denial of a pro se request. Id.
 
 
 4
 The district court's denial of Bailey's pro se request was based on a finding that he could not "represent himself effectively." This is reversible error under either standard of review because lack of competence or ability is not the proper test in considering a pro se request. Id. at 812. Bailey has a Sixth Amendment right to proceed pro se if his request is "knowing and intelligent" and he is "willing and able to abide by the rules of procedure and courtroom protocol." McKaskle v. Wiggins, 465 U.S. 168, 173 (1984). His request must also be unequivocal, timely, and not for purposes of delay. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991).
 
 
 5
 The government concedes that the pro se request was knowing and intelligent. The government argues that Bailey was unwilling to abide by procedure or protocol. However, the district court made so such finding and we will not do so. The government's argument that Bailey's request was equivocal is frivolous in light of the record, and there is no indication that the request was untimely or for purposes of delay. Nor was there finding of "a strong indication that [Bailey] will disrupt the proceedings in the courtroom." United States v. Flewitt, 874 F.2d 669, 674 (9th Cir.1989).
 
 
 6
 We review the district court's refusal to dismiss with prejudice for abuse of discretion. United States v. Hayden, 860 F.2d 1483, 1485 (9th Cir.1988). We conclude that the district court did not abuse its discretion by denying Bailey's motion. Our conclusion is guided by United States v. Gilbert, 813 F.2d 1523, 1531-32 (9th Cir.), cert. denied, 484 U.S. 860 (1987).
 
 
 7
 We do not decide whether the district court abused its discretion by shackling Bailey during his original trial. However, if the issue is raised at Bailey's new trial, the district court first "must be persuaded by compelling circumstances 'that some measure [is] needed to maintain the security of the courtroom.' Second, the court must 'pursue less restrictive alternatives before imposing physical restraints.' " Jones v. Meyer, 899 F.2d 883, 885 (9th Cir.), cert. denied, 498 U.S. 832 (1990), quoting Spain v. Rushen, 883 F.2d 712, 716 (9th Cir.1989), cert. denied, 495 U.S. 910, and cert. denied, 495 U.S. 948 (1990). The district court should then weigh the benefits and burdens of shackling against the other alternatives. Id.; see also Castillo v. Stainer, 983 F.2d 145 (9th Cir.1992); Wilson v. McCarthy, 770 F.2d 1482 (9th Cir.1985).
 
 
 8
 Because we reverse on other grounds, we do not decide whether voir dire in this case was adequate to screen the jurors for bias or prejudice.
 
 
 9
 REVERSED AND REMANDED.