35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie Lee BROWN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antoine Lemorre PHILLIPS, Defendant-Appellant.
 Nos. 93-50404, 93-50408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1994.*
Decided Aug. 30, 1994.
 
 Before: Browning, Farris, and Leavy, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freddie Lee Brown and Antoine Lemorre Phillips appeal their convictions for robbing a Postal Service letter carrier. 18 U.S.C. Sec. 2114. We affirm.
 
 
 3
 * The district court did not unduly restrict defense witnesses' opportunities to rebut Glass's testimony regarding Brown's stride. Although the court initially indicated that it would limit testimony regarding the limp, it gave defense witnesses latitude to tell the jury about the nature of Brown's injury and its effect on his stride. Brown testified that he had broken his leg in a 1978 car accident and had experienced trouble walking ever since. His sister testified that he runs like a "penguin", and his girlfriend described the limp to the jury and testified that he could not possibly run with a long stride.
 
 
 4
 The district court acted within its discretion when it excluded medical records in response to Brown's failure to disclose their existence earlier. United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir.1987), cert. denied, 484 U.S. 1077 (1988). Pursuant to Federal Rule of Criminal Procedure 16(d)(2), the district court may prohibit the introduction of evidence if a party fails to comply with a discovery order. Brown emphasizes that he could not have known he would need the records until after Glass had testified and that the records were crucial to his case. However, Glass's description of Brown's stride came in response to defense counsel's questions. This indicates that counsel anticipated Brown's stride being an issue in the case. Moreover, while the records would have supported the defense witnesses' testimony, the evidence "was not of decisive value." Id. Glass's identification of Brown did not depend on her observations of him running. She knew Brown, having grown up in the same neighborhood as he did, and she had ample opportunity to see his face before and during the robbery.
 
 
 5
 After the jury returned its verdict, Brown moved for a new trial. Because the motion was based entirely on these two evidentiary rulings, the district court did not err in denying it.
 
 II
 
 6
 The district court did not err in denying Phillips's motion to represent himself. A defendant has a constitutional right to proceed pro se. Faretta v. California, 422 U.S. 806, 832 (1975); United States v. Smith, 780 F.2d 810, 811 (9th Cir.1986). To preserve the right to self-representation, a defendant must make a timely and unequivocal request, and the district court must determine whether the waiver of the right to counsel was made knowingly, intelligently, and voluntarily. United States v. Robinson; 913 F.2d 712, 714 (9th Cir.1990), cert. denied, 498 U.S. 1104 (1991); Smith, 780 F.2d at 811.
 
 
 7
 Phillips did not make an unequivocal request to proceed pro se. "Because a defendant normally gives up more than he gains when he elects self-representation, we must be reasonably certain that he in fact wishes to represent himself." Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir.1989) (citing Brewer v. Williams, 430 U.S. 387, 404 (1977) ("[C]ourts [must] indulge in every reasonable presumption against waiver" of the right to counsel)). By stating that it was his "understanding" that Phillips wanted to act as his own attorney, defense counsel did not make an unequivocal request to the court. Furthermore, Phillips did not renew his request and, within a few minutes after the court's ruling, showed a willingness to work with counsel when asked to acknowledge his agreement to stipulations concerning testimony. In similar circumstances, we have found that a request to proceed pro se was equivocal. Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990).
 
 III
 
 8
 Sufficient evidence supports Phillips's conviction. When an appellant argues that the evidence was insufficient to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992).
 
 
 9
 Phillips contends that the letter carrier, Lesley Glass, mistakenly identified him as one of the robbers. This argument addresses the credibility of a witness. The jury, not a reviewing court, must determine matters of credibility. Moore v. Local Union 569 of the IBEW, 989 F.2d 1534, 1546 (9th Cir.1993), cert. denied, 114 S.Ct. 1066 (1994).
 
 
 10
 Phillips also offers innocent explanations of his actions at the time of the robbery and of how his fingerprints got on the checks and the typewriter. But the fact that a jury could have accepted alternative explanations is not a sufficient basis for overruling a verdict. Although the government bears the burden of proof beyond a reasonable doubt, "the government's evidence need not exclude every reasonable hypothesis consistent with innocence." United States v. Miller, 688 F.2d 652, 663 (9th Cir.1982).
 
 
 11
 Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found Phillips guilty of robbing a postal carrier.
 
 IV
 
 12
 Phillips contends that because he never had the opportunity to recross-examine Betty Gooden, the district court erred in allowing her testimony to stand. We reject the argument.
 
 
 13
 "Allowing recross is within the sound discretion of the trial court except where new matter is elicited on redirect examination, in which case denial of recross as to that new matter violates the Confrontation Clause." United States v. Baker, 10 F.3d 1374, 1404 (9th Cir.1993). Phillips contends that the government elicited testimony concerning three new matters during its cross-examination of Gooden: (1) Phillips's possession of a box on the afternoon of the robbery; (2) Gooden's impression that Phillips had more money after the robbery; and (3) Gooden's understanding that Phillips had asked her daughter to lend him a handgun a few months before the robbery. Because Phillips never had the opportunity to recross-examine Gooden about these matters, he contends that allowing her testimony to stand violated the Confrontation Clause.
 
 
 14
 The record establishes, however, that Gooden testified about Phillips's possession of a box on direct examination. Phillips had the opportunity to cross-examine Gooden about this matter. During the government's cross-examination, Gooden did not provide additional information about the box or its relevance to the case.
 
 
 15
 The record also establishes that Gooden never made the other two statements that Phillips attributes to her. When asked if she had ever told government investigators that Phillips had "come into a lot of wealth after the robbery," Gooden denied ever making the statement. Further, she stated that she did not know to whom her daughter had loaned the gun.
 
 
 16
 Allowing Gooden's testimony to stand did not violate Phillips's right to confront the witness.
 
 V
 
 17
 Phillips contends that the district court erred in allowing the government to question him about his earlier attempt to borrow a gun from Artisha Crisp. Because Phillips did not object to the government's questioning, the plain error standard applies. United States v. Olano, --- U.S. ----, 113 S.Ct. 1770, 1776 (1993).
 
 
 18
 It was improper for the government to question Phillips about his attempt to borrow the gun. Federal Rule of Evidence 608(b) provides that a party may, at the court's discretion, inquire on cross-examination about prior instances of misconduct, if they are probative of truthfulness or untruthfulness. The government contends that because Phillips knew it was illegal for him to possess a gun, his prior attempt to borrow one was probative of untruthfulness.
 
 
 19
 Rule 608(b) does not give a party license to dredge up all of a witness's past criminal or morally suspect activities. United States v. McCourt, 925 F.2d 1229, 1232-33 (9th Cir.) (stating that Rule 608 does not permit inquiry into prior bad acts when the sole purpose is to show propensity toward criminal conduct), cert. denied, 112 S.Ct. 121 (1991). Courts permit cross-examination regarding incidents of fraud and intentional false statements. See, e.g., United States v. Jackson, 882 F.2d 1444, 1448 (9th Cir.1989) (misappropriation of client funds); United States v. Jones, 900 F.2d 512, 520-21 (9th Cir.), (false statements), cert. denied, 498 U.S. 846 (1990). But the act at issue here has no bearing on Phillips's capacity for truthfulness. Nor was the government's inquiry aimed at discrediting Phillips's testimony; he never claimed that he did not have access to a gun. The prosecutor concluded this line of questions by asking Phillips to admit he knew it was illegal for him to possess a gun but sought to do so anyway. Thus, the questions appear to have been directed at establishing a general propensity to violate the law, rather than a tendency to lie.
 
 
 20
 Although the government's questions were improper, they did not rise to the level of plain error. Under the plain error standard, the reviewing court usually will not reverse a conviction unless the defendant establishes that the error was prejudicial, Olano, 113 S.Ct. at 1778, and the court determines that the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1939)) (alteration in original). Phillips has not shown that the error was prejudicial. The testimony was not particularly inflammatory, and the verdict was supported by Glass's testimony and the fingerprint evidence. Because the admission of Phillips's testimony was not the sort of error that " 'affect[s] substantial rights' independent of its prejudicial impact," reversal is not warranted under the Atkinson standard. Id. at 1779, 1781 (alteration in original).
 
 VI
 
 21
 Inspector Robert Gatz investigated the robbery for the government and took a signed declaration from Glass. He testified at trial, and during his cross-examination, the court rejected Phillips's motion to introduce Glass's declaration into evidence. On appeal, Phillips contends that the declaration was admissible pursuant to Federal Rule of Evidence 801(d)(1)(A)[1] as a prior deposition and under Federal Rule of Criminal Procedure 15(e)[2] as impeachment of a deponent.
 
 
 22
 The district court properly excluded the declaration. Glass's declaration was not a deposition or testimony from a trial or hearing, the type of prior statements admissible under the rules Phillips cites. In addition, Phillips was seeking to introduce Glass's declaration to impeach the testimony of another witness.
 
 VII
 
 23
 The district court did not err in treating Phillips's earlier violations as unrelated offenses for purposes of calculating his sentence, even though they had the same docket number and were sentenced on the same day. Phillips's prior offenses were unrelated because they were separated by intervening arrests. "[W]henever offenses are separated by intervening arrests, the sentences for those offenses are unrelated regardless of whether sentencing was consolidated." United States v. Gallegos-Gonzalez, 3 F.3d 325, 327 (9th Cir.1993) (citing U.S.S.G. Sec. 4A1.2 comment. (n. 3)).
 
 
 24
 Phillips further contends that the district court improperly assigned a 5 point increase in his base offense level because Brown used a gun in committing the robbery. U.S.S.G. Sec. 2B3.1(b)(2)(C). He argues that he could not reasonably have foreseen that Brown would use a gun.
 
 
 25
 Section 2B3.1(b)(2)(C) calls for a five point increase "if a firearm was brandished, displayed, or possessed" in the course of a robbery. If Phillips could reasonably have foreseen that Brown would brandish a gun, then the enhancement was proper. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (citing U.S.S.G. Sec. 1B1.3(a)(1) & comment. (n. 1)).
 
 
 26
 Brown held the gun in front of his waist. Phillips asserts that he did not see the gun. However, the fact that the gun might not have been visible to Phillips would not preclude the five point enhancement. Id. at 1350 (upholding the enhancement of a defendant's sentence when a codefendant's gun was hidden beneath the floor mat of a car). Courts may infer that a defendant knew a codefendant had a gun where the codefendants are "few in number and know each other well." Id.; United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). There was evidence that the defendants knew each other well. In addition, Glass testified that Phillips lunged towards her while Brown pointed the gun. Phillips's actions indicate that he was not a surprised bystander. It was not clear error for the district court to conclude that Phillips could reasonably have foreseen that Brown would use a gun. Garcia, 909 F.2d at 1349.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fed.R.Ev. 801(d)(1)(A) provides that a statement is not hearsay if it is "inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition...."
 
 
 [2]
 Fed.R.Crim.Pro. 15(e) provides that a "deposition may ... be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness."