**UNITED STATES of America Plaintiff—Appellee,**

v.

**Dana Tyrone ROYAL Defendant— Appellant.**

No. 99–30199.

D.C. No. CR–97–183–FR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided July 26, 2002.

Before FERGUSON, W. FLETCHER, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Dana Tyrone Royal ("Royal") appeals his jury conviction for conspiracy to commit bank fraud pursuant to 18 U.S.C. § 1344 and for depositing counterfeit secu-rities pursuant to 18 U.S.C. §§ 2 and 513. Royal contends that he was denied his Sixth Amendment right to represent himself. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for a new trial.

On January 23, 2002, Royal filed a motion to proceed *pro se.* The parties agree that the district court improperly denied this motion by failing to engage in a colloquy in conformity with *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

On October 27, 1998, the first day of trial, Royal renewed his request to proceed *pro se* and simultaneously sought a continuance to prepare for trial. The district court granted Royal's request to appear *pro se,* but denied his request for a continuance. Neither party contests that the district court engaged in a proper *Faretta* colloquy before granting Royal's renewed motion for self-representation. The issue is whether denial of the continuance effectively abrogated Royal's qualified Sixth Amendment right to self-representation.

To evaluate whether the denial of a continuance was arbitrary or unreasonable, we consider: (1) the degree of diligence on the part of the movant; (2) whether the continuance would have served a useful purpose; (3) inconvenience to the court or the government; and (4) the prejudice suffered by the defendant as a result of the denial. *United States v. Flynt,* 756 F.2d 1352, 1359–61 (9th Cir.1985). While the factors should be considered together, at a minimum, the appellant must demonstrate some prejudice as a result of the denial. *Id.* at 1359.

---

* The Honorable George H. King, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Additionally, "[w]hen a motion for a continuance arguably implicates a defendant's Sixth Amendment right to counsel, the court must consider the effect of its decision on this fundamental right." *United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir.1999) (en banc). As the right to self-representation is a correlative right of the right to assistance of counsel, *see Faretta*, 422 U.S. at 814, 95 S.Ct. 2525 ("[T]he Sixth Amendment right to the assistance of counsel implicitly embodies a 'correlative right to dispense with a lawyer's help.'") (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)), the district court should have evaluated whether denying the continuance would have affected Royal's right to self-representation. *Cf. Armant v. Marquez*, 772 F.2d 552, 558 (9th Cir.1985) (holding that the trial court abused its discretion by denying a continuance that "effectively rendered [the defendant's] right to self-representation meaningless").

Applying the *Flynt* factors, we conclude that the district court abused its discretion. The government asserts that Royal did not diligently prepare for trial, as evidenced by his withholding of information from his attorney and his failure to produce a witness list three weeks into trial. These arguments ignore the denial of Royal's request to appear *pro se* earlier in the year, and how that denial hindered his ability to prepare for trial as well as control and conduct his own defense.

Even accepting the government's allegations, Royal cannot be faulted for a lack of diligence in preparing to try this case as his own attorney. Given the district court's denial of his motion to proceed *pro se* in January 1998, Royal could not reasonably expect that the district court would permit him to represent himself at trial. Therefore, he had no reason to prepare to try this case as his own attorney, including preparing to make opening statements, examine and cross-examine witnesses, settle jury instructions with the court, and present closing arguments. Consequently, it cannot be fairly said that Royal was not diligent in preparing for these tasks, especially when he was relegated to the status of a represented client by the district court's erroneous denial of his earlier request to proceed *pro se*. For similar reasons, additional time for trial preparation would have been useful, and "[t]he prejudice suffered by [Royal here was] no less than the effective denial of his Constitutional right to self-representation." *Armant*, 772 F.2d at 557.

Moreover, inconvenience does not outweigh these factors. In fact, the record does not reveal any significant evidence of inconvenience. This case involved multiple defendants and parties, and their witnesses might have been inconvenienced by a continuance. However, Royal only requested a continuance of less than thirty days. Without any evidence, we can only speculate what impact a relatively short continuance would have had on the other parties, the witnesses, and the court.

In addition, the district court did not make any findings on the record or even discuss any of the *Flynt* factors. Therefore, we do not know if the district court adequately considered Royal's Sixth Amendment rights, and we must evaluate whether the district court demonstrated sufficient care and concern for Royal's rights. *See United States v. Garrett*, 179 F.3d 1143, 1147 (9th Cir.1999) (en banc); *United States v. Nguyen*, 262 F.3d 998, 1002–03 (9th Cir.2001).[1] We recognize

---

1. While *Garrett* and *Nguyen* only address substitution of counsel, the policies and concerns in that context apply with equal force to the right of self-representation. "The Sixth

that the district judge was faced with a difficult task of managing a trial with multiple defendants, including one appearing *pro se*. Despite these challenges, the district judge should have given Royal's Sixth Amendment rights additional consideration, as it appears from the record that the district judge had decided to deny the continuance from the outset.

The district court erred by denying Royal's request for self-representation without a proper inquiry in January 1998. That error was not cured by allowing Royal to proceed *pro se* on the morning of trial because the district court denied the requested continuance. Denial of the continuance was an abuse of discretion because it deprived Royal of the ability to adequately prepare for trial and therefore represent himself. Although the district court technically granted Royal's renewed request to proceed *pro se,* the simultaneous denial of the continuance was tantamount to denying Royal's motion to appear *pro se* and depriving Royal of the right to self-representation.

While this circuit has not determined whether the denial of a motion to proceed *pro se* is reviewable *de novo* or for abuse of discretion, *United States v. George,* 56 F.3d 1078, 1084 (9th Cir.1995) (citing *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986)), under either standard the district court improperly denied Royal's motion. As harmless error does not apply to a violation of a defendant's Sixth Amendment right to self-representation, *see United States v. Arlt,* 41 F.3d 516, 524 (9th Cir.1994); *see also Adams v. Carroll,* 875 F.2d 1441, 1445 (9th Cir.1989) ("[T]he denial of the right to self-representation is not amenable to harmless error analysis[.]"), the district court's denial of the

continuance is REVERSED, Royal's conviction is VACATED, and this matter is REMANDED to the district court for a new trial.

As we are remanding this action for a new trial, we need not address Royal's arguments that the district court allegedly erred by not disclosing an *ex parte* communication with a juror and improperly excluded his witnesses.

REVERSED and REMANDED.

---

Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make this defense." *Faretta v. California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).