**Robert John ROBYN, Petitioner–Appellant,**

v.

**Diane BUTLER, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 03–17368.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided July 9, 2004.

Robert John Robyn, Represa, CA, pro se.

Erik R. Brunkal, Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

California state prisoner Robert John Robyn appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction and sentence. Robyn contends that he was denied his Sixth Amendment right to counsel when the trial court refused to appoint counsel after a jury had been empaneled and the prosecution put on its first witness. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court's denial of the habeas petition.

Although a criminal defendant has both the right to counsel and the right to self representation, a request for either form of representation must be timely made. *See e.g., United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986) (stating that a de-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mand for self-representation is timely if made before meaningful trial proceedings have begun). The California appellate court's determination that Robyn's Sixth Amendment rights were not violated by the trial court's denial of Robyn's request to revoke his waiver of counsel and have counsel appointed after the trial was underway was neither contrary to, nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1).

We have considered the uncertified issues raised by Robyn in his opening brief, which we construe as a motion to expand the Certificate of Appealability. Ninth Cir. R. 22–1(e). We deny this motion.

AFFIRMED.