990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Perez BUSTILLO, Defendant-Appellant.
 No. 91-50393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fernando Perez Bustillo (Bustillo) timely appeals from his jury conviction of murder in violation of 18 U.S.C. § 1111, assault with the intent to commit murder in violation of 18 U.S.C. § 113(a), assault on a federal correctional officer in violation of 18 U.S.C. § 111, and possession of a weapon by a prison inmate in violation of 18 U.S.C. § 1791. Bustillo contends the district court erred in denying his motion for reappointment of a different counsel. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Bustillo, an inmate at the United States Penitentiary at Lompac, California, killed one inmate and seriously injured another.
 
 
 4
 Bustillo was arraigned on June 25, 1990, and a deputy federal public defender was appointed to represent him. The public defender was relieved, however, because his office had represented one of the witnesses in the case. Subsequently, the district court appointed two other attorneys to represent Bustillo. However, each of these attorneys was relieved on Bustillo's motion.
 
 
 5
 On December 28, 1990, the court appointed Phillip Trevino as Bustillo's counsel. On January 17, 1991, Trevino filed a motion on behalf of Bustillo to relieve counsel and appoint new counsel. Trevino also joined in this motion.
 
 
 6
 The district court held a hearing on the motion on January 22, 1991. At this hearing, Bustillo stated that as with his previous two attorneys, he did not think Trevino was pursuing a vigorous and aggressive defense, and specifically, that Trevino had not filed certain pretrial motions which should have been filed. The district court noted, however, that it had never seen such a "blizzard of paper" as it had from Trevino and that he had made "all kinds of applications to the court." The court also inquired as to the specific motions Bustillo thought should have been filed. Bustillo stated he wanted a motion in limine and a suppression motion filed. Trevino informed the court that he intended to bring a number of motions in limine, and the court concluded that if a suppression motion were appropriate, Trevino would have brought it. The court stated Bustillo's contention that Trevino was not aggressively pursuing the case was not well grounded. It denied the motion.
 
 
 7
 On January 24, 1991, Bustillo in pro se filed an Ex Parte Application for Reappointment of Counsel. Bustillo complained that Trevino disagreed with him regarding trial strategy and the theory of defense and also had failed to pursue a vigorous and aggressive defense. On February 12, 1991, the relentless Bustillo in pro se filed a Declaration of Conflict of Interest and Motion for Reappointment of Counsel, stating he had filed a complaint against Trevino with the California State Bar and intended to file suit against Trevino in federal court alleging criminal conspiracy and criminal malpractice. The court denied Bustillo's motions.
 
 
 8
 The district court held a status hearing on March 1, 1991. At this hearing, Trevino revealed to the court that Bustillo was creating the appearance of a conflict of interest by threatening to sue Trevino, and had been physically threatening Trevino with violence.[1] In addition, Trevino requested that a marshal sit between him and Bustillo at the counsel table. The court noted that Bustillo would be restrained in the court room because the marshals themselves had concluded he was dangerous.
 
 
 9
 The case went to trial on March 12, 1991, and the record indicates that Trevino ably represented Bustillo. He made several motions in limine, including a request for attorney voir dire and objections to the introduction of certain exhibits and evidence of Bustillo's criminal history. During voir dire, Trevino proposed additional voir dire questions, moved to have one juror excused for cause, exercised ten preemptory challenges, and proposed a preliminary jury instruction. At trial, Trevino vigorously cross-examined prosecution witnesses, made regular objections, and after the prosecution rested, renewed a motion for severance of counts and moved for acquittal. He put on a thorough defense, introducing many exhibits and calling five witnesses, including Bustillo himself.
 
 
 10
 The jury convicted Bustillo on all four counts. Trevino represented Bustillo at the sentencing hearing and renewed his motion to dismiss for preindictment delay and opposed a sentencing enhancement proposed by the government. At the conclusion of the sentencing hearing, the district court granted Trevino's motion to be relieved as counsel of record for purposes of appeal.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 11
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 18 U.S.C. § 1291.
 
 
 12
 A district court's denial of a motion to reappoint counsel is reviewed for abuse of discretion. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 13
 In reviewing the trial court's decision to deny reappointment of counsel we consider (1) the timeliness of defendant's motion, (2) the adequacy of the court's inquiry into defendant's complaint, and (3) whether the conflict between the defendant and his counsel was so great it prevented the presentation of an adequate defense. Id. (citing United States v. Mills, 597 F.2d 693, 700 (9th Cir.1979)).
 
 
 14
 Having weighed these factors, we conclude that the district court did not abuse its discretion in denying Bustillo's motions to reappoint counsel.
 
 
 15
 First, Bustillo's requests were not timely, given the circumstances of this case. Although he did not move for new counsel on the eve of trial, the district court was wary that the proceedings would have to be continued if Bustillo's motion was granted. This concern was reasonable given that the district court had already continued the trial twice after replacing Bustillo's two previous attorneys.
 
 
 16
 The district court also made an adequate inquiry into Bustillo's complaint about Trevino's representation. The court's consideration of the declarations of Bustillo, together with the hearings it conducted on January 22, and March 1, 1991, provided a sufficient basis for reaching an informed decision. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.) cert. denied, 111 S.Ct. 2809 (1991); United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986).
 
 
 17
 Finally, the conflict between Bustillo and Trevino did not prevent the presentation of an adequate defense. The record reveals that Trevino was well prepared and presented a thorough and vigorous defense--from the pretrial stage, throughout the trial, and at sentencing.
 
 
 18
 Accordingly, the district court did not err in denying Bustillo's motions to reappoint counsel.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bustillo had waived the attorney-client privilege