**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH FRANK ROWE, JR.,

Petitioner-Appellant,

v.

ROBERT A. HOOD, Warden,

Respondent-Appellee.

No. 05-1209
(D.C. No. 04-CV-2234-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY, BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Joseph Rowe appeals an order entered by the United States District Court

for the District of Colorado denying his petition under 28 U.S.C. § 2241 for writ

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of habeas corpus.

In 1995, Petitioner was convicted, following a jury trial in the United States District Court for the Central District of California, of conspiracy to commit armed bank robbery, armed bank robbery, and use of a firearm during a crime of violence. On appeal, the United States Court of Appeals for the Ninth Circuit affirmed his conviction and sentence. *See United States v. Rowe*, No. 95-50049 (9th Cir. June 11, 1996).

In 2004, while incarcerated at the United States Penitentiary in Florence, Colorado, Petitioner Rowe filed a § 2241 petition in the district court for the District of Colorado challenging his conviction and sentence. The district court denied the § 2241 petition, concluding that the appropriate remedy for Petitioner was under § 2255 in the Central District of California where he was convicted and sentenced and not under § 2241 in the District of Colorado. This appeal followed.

Upon review of the record and appellate brief, the court concludes that the district court correctly denied the § 2241. A § 2241 petition is not the proper means to raise the claims alleged by Petitioner. A motion under § 2255 in the Central District of California is the exclusive remedy for Petitioner to challenge the validity of his conviction and sentence unless there is a showing that the remedy is inadequate or ineffective. *See Haugh v. Booker*, 210 F.3d 1147, 1149

(10th Cir. 2000). Courts have stressed that the remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that a petitioner is precluded from filing another § 2255 motion fails to establish that the remedy is inadequate. *See id.* at 1179. And although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act (AEDPA), they are not prohibited. *See* 28 U.S.C. §§ 2244(b)(2), 2255; *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Because Petitioner has not established the inadequacy or ineffectiveness of a § 2255 motion, the exclusive remedy to challenge his conviction and sentence is to file a § 2255 motion in the district court for the Central District of California.

The district court's March 4, 2005 Order is **AFFIRMED**. Petitioner's motion for reporter to furnish copies of all transcripts is **DENIED**. Petitioner's motion to proceed *in forma pauperis* is **DENIED**. The mandate shall issue forthwith.

Entered for the Court

Per Curiam