**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry GARCIA, Jr.,**
**Defendant–Appellant.**

No. 88–1188.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1990.

Decided Jan. 30, 1991.

William H. Parish, Stockton, Cal., for defendant-appellant.

Carl M. Faller, Jr., Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before SCHROEDER, FERGUSON and BRUNETTI, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Henry Garcia, Jr. was indicted by a federal grand jury for various offenses relating to his participation in drug trafficking activities. Garcia was tried and convicted of a total of thirteen counts at three separate trials. He now appeals the convictions obtained at his first two trials.

Garcia first argues that the district court erred in denying his motion to appoint substitute counsel prior to his first trial, and in failing to conduct an *in camera* hearing regarding this request. Garcia requested substitute counsel because of a claimed conflict between himself and counsel. His counsel also moved to withdraw. We hold the district court did not abuse its discretion in denying appellant's motion to substitute counsel a few days before the trial was scheduled to begin.

In reviewing a lower court's denial of substitution, we evaluate three factors: the timeliness of the motion, the adequacy of the lower court's inquiry into the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense. *United States v. Gonzalez*, 800 F.2d 895, 898 (9th Cir.1986). Each of these factors supports the district court's denial of Garcia's motion.

First, Garcia's motion was not timely, given the circumstances of the case. We have consistently held that a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance. *See, e.g., United States v. McClendon*, 782 F.2d 785, 789 (9th Cir.1986). Here, Garcia's motion was made a mere six days before his first trial was scheduled to begin. A continuance would almost certainly have been required, given the quantity and complexity of discovery materials involved. In addition, Garcia was unable to explain when the need for substitution first became apparent; without more specific information regarding when the conflict arose, or why such a motion could not be entertained earlier, it was within the district court's discretion to find the motion untimely.

Second, the district court conducted an inquiry sufficient to conclude that Garcia's complaints were without merit. A trial court may not summarily refuse to allow the substitution of attorneys, but must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir.1982), *cert. denied*, 461 U.S. 916, 103 S.Ct. 1896, 77

L.Ed.2d 285 (1983). The record reflects that the district court held a hearing and entertained written declarations from both Garcia and his attorney regarding the motion.

█ Finally, there is no evidence that the alleged conflict hindered the presentation of Garcia's defense in any way. Garcia's attorney testified to the significant amount of preparation he invested in Garcia's case. The record reflects that he defended Garcia fully and forcefully. There was no abuse of discretion on the district court's part. We affirm the convictions of conspiracy to import marijuana; aiding and abetting the importation of marijuana; possession and aiding and abetting with intent to distribute; and transportation of a stolen aircraft, all resulting from the first trial.

█ Garcia's last contention is more troublesome. He contends that misconduct on the part of the district judge during the second trial deprived him of a fair trial. At that trial, Garcia was convicted of aiding and abetting the importation of marijuana; possession and aiding and abetting the possession of marijuana with intent to distribute; and two counts of conspiracy. Now represented by different counsel on appeal, Garcia contends that the district court criticized his trial counsel to the point of intimidation and so prejudiced Garcia in the eyes of the jury as to deny him his right to effective assistance of counsel. *See United States v. Burt,* 765 F.2d 1364, 1368 (9th Cir.1985).

This was a lengthy trial producing a transcript of more than 3,000 pages. It included multiple defendants; it was aggressively tried by all sides. The district court's patience frequently frayed. The record, however, does not reflect any pattern of singling out appellant's counsel for criticism. The district court required both defense and government counsel to file written objections to rulings.

The most troublesome episode occurred shortly before the jury was to begin its deliberations. When Garcia's counsel attempted to object to the district court's announced intent to excuse a juror because of surgery, the court ejected counsel from the courtroom and Garcia elected to go with him. The episode is reported as follows:

THE COURT: ...

Mrs. Porter, you have indicated that you have a surgical procedure tomorrow. I'm, therefore, going to excuse you from further service on the jury.

MR. HINKLEY: Your Honor, on behalf of Defendant Ybara—

THE COURT: If you wish to make an objection, sir, you will put it in writing, as I instructed through my bailiff.

MR. HOLT: We need some facts.

THE COURT: If you listen, you will get the facts.

MR. HOLT: Your Honor, we are asking you wait until we are heard on it.

THE COURT: Take these attorneys out of the room immediately.

MR. GARCIA: I'm not staying without my attorney. I want to be removed also.

THE COURT: All right. You may be removed, Mr. Garcia.

You indicated that you were going to have day surgery, and you indicated that you felt you could continue. However, I feel that under the circumstances, it would unnecessarily result in the jury losing a day of deliberation, and the situation may turn out to be more serious than you think, so thank you very much for your service, for your devoted attention, and you are free to go.

Mrs. Todd, you will take the place of the juror.

All right. Will the bailiffs return the attorneys to the courtroom, please.

THE MARSHALL: Your Honor, do you wish us to bring Mr. Garcia in?

THE COURT: Yes.

We can find no precedent for such an expulsion of counsel from ongoing proceedings in the presence of the jury. We cannot condone it. Were we to conclude that this conduct, or any other conduct on the part of the district court, prevented counsel from presenting any matter of assistance to the defense, or influenced in any materially adverse way the jury's perception of

the defendant, we would have to reverse the conviction.

The record in this case, however, presents nothing to indicate Garcia's counsel was precluded from presenting or eliciting material that would have been helpful to the defense. Nor does the record describe a "pervasive climate of partiality or unfairness" with respect to Garcia or his attorney. *See United States v. DeLuca,* 692 F.2d 1277, 1282 (9th Cir.1982). The district court instructed the jury that the court's own actions should not influence the jury's deliberations: "You must not read into these instructions or into anything that I have said or done any suggestion as to what verdict you should return. This is a matter that's entirely up to you."

Because the record does not indicate that Garcia's rights were affected in any material or substantial way, we affirm the convictions arising out of the second trial as well as the first.

AFFIRMED.