972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rogelio RUIZ-ALVAREZ, Defendant-Appellant.
 No. 90-50389.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Aug. 26, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and JENSEN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Rogelio Ruiz-Alvarez appeals his jury conviction for conspiracy to distribute and possess with intent to distribute heroin, and for possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. Ruiz-Alvarez contends the district court reversibly erred in denying his motion for substitution of counsel, in admitting into evidence written English-language translations of recorded Spanish dialogue, and in its instructions on "reasonable doubt." Ruiz-Alvarez also contends that his attorney was constitutionally deficient. We affirm.
 
 
 4
 * In assessing the district court's decision on a motion to substitute counsel, we consider three factors: (1) the timeliness of the motion to dismiss counsel; (2) the adequacy of the court's inquiry into defendant's complaint about counsel; and (3) whether a conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991).
 
 
 5
 In Torres-Rodriguez, as in the present case, the motion for substitution of counsel came on the morning trial was to begin. Id. In reviewing the district court's denial of Torres-Rodriguez's motion, we stated that "the timeliness of the request for substitution presents a problem for Torres." Id. Indeed, a trial court ordinarily acts well within its discretion in denying a motion to substitute when the motion is made on the first day of trial and there is reason to believe that substituting counsel would delay the trial. See id. at 1380-81; see also United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). However, we reversed Torres-Rodriguez's conviction in part because the proposed substitute counsel was present in the courtroom, and the trial court made no inquiry to determine whether substitution would delay the trial. 930 F.2d at 1381.
 
 
 6
 In the present case, there was no indication that Ruiz-Alvarez had retained proposed substitute counsel on the day trial was to begin. The trial court could therefore assume that some delay would result if the motion for substitution was granted. Consequently, the court had broad discretionary powers to grant or deny the motion. To show an abuse of discretion, therefore, Ruiz-Alvarez must make an especially strong showing in regard to the second and third factors to be weighed here.
 
 
 7
 We find that Ruiz-Alvarez has not made a sufficient showing either that the district court's inquiry was deficient under the circumstances or that the alleged conflict between client and counsel resulted in a total lack of communication. See United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986). Accordingly, we find no abuse of discretion in the district court's decision not to substitute counsel.
 
 II
 
 8
 The Supreme Court has developed two analyses for assessing claims of ineffective assistance of counsel. In United States v. Cronic, 466 U.S. 648 (1984), the Court indicated that, in cases where "the process loses its character as a confrontation between adversaries," id. at 656-57, a Sixth Amendment violation is established without regard to any actual prejudice suffered by the defendant. Id. at 658, 659 n. 26. However, when the defendant's attack focuses on specific errors of counsel, rather than on counsel's overall representation of the defendant, the appropriate analysis is set forth not in Cronic but in Strickland v. Washington, 466 U.S. 668 (1984). See Cronic, 466 U.S. at 657 n. 20.
 
 
 9
 Ordinarily, a claim that counsel was constitutionally deficient should be raised in a collateral attack on the conviction rather than on direct appeal. E.g., United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). This is so because usually it is necessary to develop facts existing outside the record at the time of the direct appeal. Id. However, when the record on direct appeal is sufficiently complete, we are required to resolve the issue. Id.
 
 
 10
 Insofar as Ruiz-Alvarez raises an ineffective assistance challenge based on Cronic, we conclude the record is sufficiently developed to decide the issue. However, Ruiz-Alvarez's minimal showing of possible prejudice suggests that we should not consider a Strickland-type challenge on direct appeal. We therefore address only the claim under Cronic.
 
 
 11
 There is no question that Klein had sufficient time in which to prepare a competent defense. Instead, the issue here is whether Klein's alleged failure to prepare resulted in a "breakdown in the adversarial process." Cronic, 466 U.S. at 662. Although Klein may have been unprepared, this case does not present the extreme circumstances necessary to establish a Sixth Amendment violation under Cronic. For example, Ruiz-Alvarez complains that Klein's cross-examination of Ramon Mejia--the government's key witness--covers only four pages of transcript. However, Klein's questioning of Mejia followed 35 pages of effective cross-examination by Ruiz-Alvarez's co-defendant, Garcia.
 
 
 12
 Besides Mejia, the government called only four other witnesses. Although neither Ruiz-Alvarez nor Garcia cross-examined these witnesses, none of them testified at length to matters of great significance. Furthermore, Klein joined Garcia's counsel in objecting to the government's attempt to use Agent Wammack to establish the value of the heroin and the likely effect of a typical dose based on the heroin's purity. Klein also refused to stipulate that Garcia had written a note received by Mejia, necessitating the testimony of a government handwriting expert. Another witness called by the government, Agent Urquijo, made no mention of Ruiz-Alvarez.
 
 
 13
 Despite other omissions alleged by Ruiz-Alvarez, we conclude that Klein adequately subjected the prosecution's case to "meaningful adversarial testing." Cronic, 466 U.S. at 656. The district court came to essentially the same conclusion in observing at sentencing that Klein provided competent representation. Because Ruiz-Alvarez did not "demonstrate that counsel failed to function in any meaningful sense as the Government's adversary," he must rely on Strickland to make out a Sixth Amendment violation. See id. at 666.
 
 III
 
 14
 Ruiz-Alvarez and his co-defendant, Garcia, neither objected to, nor requested a limiting instruction in conjunction with, the district court's decision admitting into evidence the government's written English translations of recorded Spanish dialogue. Accordingly, in considering Ruiz-Alvarez's contention that a limiting instruction was necessary with regard to the written translations, we review the district court's failure to provide such an instruction only for plain error. See United States v. Brutzman, 731 F.2d 1449, 1452 (9th Cir.1984).
 
 
 15
 Ruiz-Alvarez contends that the district court should have instructed the jury to ensure that the jury would use the transcripts only as a means for determining the content and meaning of the recorded Spanish dialogue. Because Ruiz-Alvarez fails to point out a single discrepancy between the recorded dialogue and the written translations, we conclude that the district court did not plainly err in not giving a limiting instruction on the use of the transcripts.
 
 IV
 
 16
 Because Ruiz-Alvarez also failed to object to the district court's definition of reasonable doubt, we will review the instruction only for plain error. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991).
 
 
 17
 Recently, in the case of United States v. Jaramillo-Suarez, 950 F.2d 1378 (9th Cir.1991), we refused to reverse after the district court instructed the jury on reasonable doubt much in the way the court instructed the jury here. Id. at 1386. After comparing the instruction in that case, see id. at 1386 n. 11, with the instruction given here, we conclude that the district court did not plainly err in its use of a disfavored instruction.
 
 V
 
 18
 We reject Ruiz-Alvarez's arguments regarding substitution of counsel, ineffective assistance of counsel under Cronic, admission of written English translations, and the jury instruction on reasonable doubt. Accordingly, the judgment of conviction is
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable D. Lowell Jensen, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3