980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MADRIGAL-MACHADO, Defendant-Appellant.
 No. 91-50726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Nov. 30, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Madrigal-Machado (Madrigal) appeals from his judgment of conviction for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Madrigal argues that the district court abused its discretion in denying his motion to substitute his counsel. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for a new trial.
 
 
 2
 The district court's denial of a motion to substitute counsel is reviewed for abuse of discretion. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991). Three factors are examined to determine whether the trial court abused its discretion: "(1) the timeliness of the motion ...; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 (9th Cir.1991) (Torres-Rodriguez ). We examine each of these factors in turn.
 
 
 3
 A district court "has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." United States v. Garcia, 924 F.2d 925, 926 (9th Cir.) (Garcia ) (motion to substitute made six days before trial held untimely), cert. denied, 111 S.Ct. 2809 (1991). Madrigal's motion was clearly untimely. He made it on the day before trial was scheduled to begin, and to grant it would have required a continuance. While the first factor points forcefully toward sustaining the trial court's denial of substitution, that alone is insufficient. Thus, we must examine the other two factors.
 
 
 4
 The court did allow Madrigal's counsel, Rollins, to describe the difficulties she and Madrigal were having. The court did not, however, ask Madrigal any questions. Thus, this case is different from United States v. McClendon, 782 F.2d 785 (9th Cir.1986). The government relies on that case for the proposition that a court's failure to conduct a formal inquiry is not a fatal error. Unlike this case, however, in McClendon the court at least heard the defendant's own description of the problem. See id. at 789.
 
 
 5
 Unfortunately, the district court in this case focused only on the competence of Rollins in denying Madrigal's motion. The proper focus "is on the nature and extent of the conflict between defendant and counsel, not on whether counsel is legally competent." United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990) (Walker ). As observed in Walker, if the court believed that Rollins's competency was the basis of Madrigal's complaint, "such a belief only would demonstrate the inadequacy of the court's inquiry into the true cause of [defendant's] dissatisfaction." Id.
 
 
 6
 The government argues that the only conflict between Madrigal and Rollins concerned the payment of fees. Rollins, however, indicated that the conflict went well beyond their disagreement over payment. The court, in turn, seems to have been uncertain as to the true cause of the conflict. In denying Madrigal's motion, the court stated: "I don't think there's sufficient reason for this to come up at this last point. Now the reason why it is, I don't know, but I'm going to deny the continuance." But more was required. As in Torres-Rodriguez, a case factually similar to this one, "[t]he circumstances at least called for further exploration, of which there was none." 930 F.2d at 1381 (holding that the district court abused its discretion in denying substitution primarily because the court failed to inquire adequately into the nature of the conflict).
 
 
 7
 The third factor requires us to determine the extent of the conflict. This is difficult in light of the court's limited inquiry. What little the record does reveal is not encouraging. Rollins stated that she and Madrigal were no longer speaking to each other, that he would not cooperate with her in planning a defense, and that "the relationship that we have now, in my opinion, is broken down in a manner that I'm not accustomed to in my practice over a fairly lengthy period of time."
 
 
 8
 The government attempts to minimize this. It points out that Rollins stated on another occasion that she had spoken with Madrigal "at length" on April 23, 1991, one week before trial, and that Madrigal and Rollins did communicate during trial about whether he would testify. In addition, there is almost no allegation of trial error on the part of Rollins, and it appears from the record that she presented an adequate defense in the light of fairly overwhelming evidence.
 
 
 9
 Although this is a close question, the district court's decision cannot stand. Rollins described a serious conflict with Madrigal, amounting to an almost complete breakdown in their communication with each other. That description warranted some inquiry of Madrigal by the district court, and there was none. As we stated in Garcia, "[a] trial court may not summarily refuse to allow the substitution of attorneys, but must conduct such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." Garcia, 924 F.2d at 926 (internal quotation omitted). Regardless of Rollins's later effort or performance at trial, the district court did not conduct a sufficient inquiry into her conflict with Madrigal. As that conflict, by most indications, was severe and irreconcilable, we conclude that the district court abused its discretion in denying Madrigal's motion so substitute counsel. See Torres-Rodriguez, 930 F.2d at 1380-81; Walker, 915 F.2d at 483-85.
 
 
 10
 Madrigal's conviction is reversed and his case remanded for a new trial.
 
 
 11
 REVERSED AND REMANDED.