988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norma HAROS, Defendant-Appellant.
 No. 92-50135.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1992.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-582-01-GT; Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Norma Haros was convicted of conspiracy to possess cocaine with an intent to distribute and possession of cocaine. Appellant challenges her conviction on two grounds: (1) there was insufficient evidence on which to convict; and (2) the district court abused its discretion when it failed to substitute counsel at Appellant's request.
 
 
 3
 The appropriate standard to determine whether there was sufficient evidence to convict Appellant is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here the evidence presented at trial meets this standard.
 
 
 4
 The evidence presented by the government includes the following. Codefendant Ferreira testified that Sanborn took him to Haros' apartment to get the cocaine. At the apartment, Haros removed the cocaine from a wicker basket and gave Ferreira a sample. Ferreira also testified that Haros would get paid for the cocaine, then Ferreira and Sanborn would split the rest between them.
 
 
 5
 Ferreira testified that Sanborn told him Haros got the cocaine from a connection in Los Angeles. In this vein, codefendant Zaragosa testified that he came down from Los Angeles with Jorge Valdovinos who introduced him to Haros. Zaragosa testified that Haros was interested in buying cocaine.
 
 
 6
 Ferreira also testified that on the day of the arrests he went over to Haros' apartment and that Haros pulled three kilos of cocaine out of the same wicker basket. Arrangements were made for the sale to Poleszak. Ferreira stated that he brought a blue bag to put the drugs in. Ferreira explained the plans for the sale: Sanborn, Zaragosa and Haros would proceed in a white truck owned by Sanborn's mother and they would keep an eye on the transaction. Ferreira stated that after this transaction, Haros told him that the next six kilos would be delivered by her Los Angeles connection.
 
 
 7
 Regarding the conspiracy count, Appellant contends that she was merely a "superfluous actor" in the sale of cocaine, and not an actual participant in the conspiracy. "Evidence of even a slight connection, if proven beyond a reasonable doubt, is sufficient to convict a defendant of knowingly participating in an established conspiracy." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). The evidence presented by the government was surely enough for a reasonable trier of fact to conclude that Haros had a "slight connection" to the conspiracy. She provided the cocaine, knew of the sale, and acted in furtherance of the scheme by attending the transaction with her codefendants. Further, Zaragosa testified that the reason he and Valdovinos came down from Los Angeles was to do business with Haros.
 
 
 8
 Appellant also argues that her right to counsel was violated when the court denied her motion for new counsel on the eve of trial. Appellant's request was based on her perceived differences with her attorney. The differences apparently centered around Haros' unwillingness to plead guilty.
 
 
 9
 When reviewing a denial of substitution of counsel, the Ninth Circuit evaluates the following three factors: "the timeliness of the motion, the adequacy of the lower court's inquiry into the defendant's complaint, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). The district court has broad discretion to deny a motion for substitution made on the eve of trial when, as here, the substitution would require a continuance. Id. For example, in Garcia the court ruled that defendant's motion six days prior to trial was untimely.
 
 
 10
 Appellant correctly contends that the district court did not inquire into the reasons why she felt that her attorney could not properly represent her after their disagreement. However, Haros has not demonstrated that the disagreement affected representation at trial. The record does not point to anything that shows a lack of communication that interfered with trial strategy or performance. See United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991).
 
 
 11
 Appellant may in collateral proceedings endeavor to demonstrate ineffective assistance of counsel, but no deficiencies appear in the record before us.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3