990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Dale HODGES, Defendant-Appellant.
 No. 92-30368.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Dale Hodges appeals his conviction following a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Hodges contends that the district court erred by denying his motion to withdraw his guilty plea and his counsel's motion to withdraw. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Motion to Withdraw Guilty Plea
 
 
 4
 Hodges contends that the district court erred by refusing to withdraw his guilty plea where Hodges did not understand the elements of the offense to which he was pleading. This argument lacks merit.
 
 
 5
 We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991).
 
 
 6
 A district court may permit withdrawal of a guilty plea before sentencing upon a defendant's showing of any "fair and just reason." Fed.R.Crim.P. 35(d). On appeal, however, the defendant has the burden to show the district court abused its broad discretion by denying the motion. Id. We review the district court proceedings "to see if any manifest injustice would occur if [the] plea were not set aside." United States v. Baker, 790 F.2d 1437, 1438 (9th Cir.1986). Before accepting a plea of guilty, the district court must personally address the defendant and explain the elements or the nature of the charge to which the plea is offered. Fed.R.Crim.P. 11(c)(1). However, any variance from this procedure is harmless unless substantial rights are affected. Fed.R.Crim.P. 11(h).
 
 
 7
 Here, in the guilty plea petition, Hodges pleaded guilty to the bank robbery count in the indictment and admitted that he "aided and abetted by driving the get-away car from the bank robbery." Hodges further stated at the change of plea hearing that he had fully discussed the charges in the indictment and the nature of those charges with his attorney. The district court asked whether Hodges had a full understanding of the charges against him in the indictment and the matters in the guilty plea petition and he answered in the affirmative.
 
 
 8
 Although the district court did not personally explain to Hodges the nature of the charge to which he pleaded guilty, the record indicates that Hodges understood the nature of the charge. Any variance was harmless error and no miscarriage of justice results from the plea not being set aside. See Fed.R.Crim.P. 11(h); Baker, 790 F.2d at 1438.
 
 
 9
 Hodges also appears to argue for the first time on appeal that the district court failed to establish a factual basis for the plea. With some exceptions, issues not presented to the district court cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Because the issue does not fall within the exceptions to this rule, this claim is waived. See id.
 
 
 10
 Accordingly, the district court did not abuse its discretion by denying Hodges' motion to withdraw his guilty plea. See Oliveros-Orosco, 942 F.2d at 646; id.
 
 II
 Counsel's Motion to Withdraw
 
 11
 Hodges also contends that the district court erred by denying his counsel's motion to withdraw and depriving him of his right to the counsel of his choice. This argument lacks merit.
 
 
 12
 We review for abuse of discretion a district court's denial of counsel's motion to withdraw and a defendant's motion for substituted counsel. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991).
 
 
 13
 In reviewing a district court's denial of substitution, we evaluate the timeliness of the motion, the adequacy of the district court's inquiry into the defendant's complaint, and whether "the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense." Id. A district court has broad discretion to deny a motion for substitution if a continuance would be required. Id. An indigent defendant is not entitled to appointed counsel of choice. United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991).
 
 
 14
 Here, Hodges' appointed counsel filed a motion to withdraw as counsel at the same time as the motion to withdraw the guilty plea, seven days prior to the scheduled sentencing and more than a month after Hodges' entry of the plea. Hodges' counsel explained that he had been instructed by Hodges to withdraw as counsel because Hodges was interested in seeking new representation. No motion for substitution of counsel was filed. The district court denied the motion to withdraw based on its review of Hodges' change of plea hearing testimony that he was satisfied with his counsel's representation.
 
 
 15
 Construing Hodges' counsel's motion to withdraw as a motion to substitute counsel, we hold that the district court did not abuse its discretion in denying the motion to withdraw. The motion was not timely and, if granted, would have resulted in a continuance of the sentencing hearing in order for the district court to appoint new counsel. See Garcia, 924 F.2d at 926. Although the district court did not inquire into Hodges' complaints, such an inquiry was not necessary in light of Hodges' simultaneous motion to withdraw his guilty plea. The district court assumed that Hodges' discontent with counsel was based on counsel's advisement that he plead guilty. Having considered Hodges' oral assertions at the change of plea hearing that he was satisfied with his counsel's efforts, the district court properly determined that no conflict existed which was so great as to prevent an adequate defense. See id. Finally, Hodges has no right to appointed counsel of his choice. See Torres-Rodriguez, 930 F.2d at 1380 n. 2.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3