21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Narvis G. NONNETTE, Petitioner-Appellant,
v.
Robert BORG, Warden; John Vandekamp, Respondents-Appellees.
 No. 93-55451.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided April 12, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Narvis G. Nonnette ("Nonnette") appeals pro se from the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his jury conviction for four counts of residential robbery. Nonnette argues that the state trial court violated his federal Constitutional rights by denying his motion for a new trial in his absence and by criticizing his advisory counsel.
 
 
 3
 The state trial court held that Nonnette's motion failed to state grounds sufficient to justify granting the motion. In Nonnette's previous appeal to our court, we affirmed in part and reversed and remanded in part with instructions to the district court to consider on the merits the two claims at issue in the instant appeal. On remand, the district court denied Nonnette's petition.
 
 
 4
 Nonnette argues that the district court denied his Sixth Amendment right to self-representation under Faretta v. California, 422 U.S. 806 (1975), and his right to be present at every critical stage of the proceedings, when it denied his motion for a new trial in his absence and without a hearing. In Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989), we stated that the Sixth Amendment's right to counsel attaches to the motion for a new trial stage of the proceedings. Since the Sixth Amendment grants accused persons the right to make their own defense, Faretta, 422 U.S. at 819, Nonnette had the right to defend himself in a motion for a new trial. Nonnette argues that he should have been able to exercise this right by appearing and arguing his motion in person.
 
 
 5
 The applicable standard for determining whether habeas relief must be granted because of constitutional error of the trial type is whether the error had a substantial and injurious effect on the decision at issue. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " Id. (citing United States v. Lane, 474 U.S. 438, 449 (1986).
 
 
 6
 Nonnette was afforded his right to representation in his new trial motion by submitting a detailed and lengthy motion to the trial court. Nonnette did not have the right to be present when the trial court considered the motion. Moreover, Nonnette has not shown that actual prejudice resulted from the trial court's consideration of his new trial motion in his absence.
 
 
 7
 Nonnette also argues that the trial court infringed on his right to effective assistance of advisory counsel by making remarks critical of his advisory counsel. A trial court's derogatory remarks regarding defense counsel may constitute a denial of effective assistance of counsel or denial of a fair trial if the court's actions are clearly prejudicial to the defendant. See United States v. Garcia, 924 F.2d 925, 927-28 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991). Nonnette has not shown that actual prejudice, warranting a reversal of his conviction, resulted from the trial court's remarks to his advisory counsel.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3