24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony P. FAIRCHILD, Defendant-Appellant.
 No. 92-10663.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1994.
Decided May 2, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Fairchild appeals his jury conviction for various drug and interstate transportation of explosives offenses. We affirm.
 
 
 3
 * Fairchild contends that the district court erred by denying his motion to suppress evidence because the affidavit in support of the warrant contained a misstatement.
 
 
 4
 Under Franks v. Delaware, 438 U.S. 154, 155-56 (1978), if a defendant establishes that (1) false information was knowingly, intentionally, or recklessly included in a warrant affidavit, and (2) the affidavit's remaining content is insufficient to establish probable cause, then the search warrant is void and the fruits of the search must be excluded. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991).
 
 
 5
 Fairchild objects to the statement in the affidavit that the officers observed a confidential informant ("CI") "entering the door" of Fairchild's apartment on the ground that the police could not see the door, which was blocked by a stairwell, from their vantage point. He argues that this misrepresentation was material because the CI could have bought the drugs from someone else during the time he was out of the police's line of vision.
 
 
 6
 Fairchild lived on the ground floor of a two-floor condominium building. Although the two officers watching the CI could not see the actual apartment door because the stairwell blocked their view, they testified that they continuously observed the walkway leading to the door, they watched the CI go "up the walkway onto the porch area" and return, they did not observe the CI going anywhere else in the building, and they did not see the CI meet with anyone else before or after he went to Fairchild's apartment. In sum, the CI was under constant surveillance except for the brief time he was near or in Fairchild's apartment. Moreover, the CI wore a wire. There is no evidence in the record that suggests that the CI could have obtained the cocaine from a third party. Accordingly, the misstatement did not affect the probable cause determination.
 
 II
 
 7
 Fairchild contends that the district court erred by denying his motion to suppress a confession made after he requested counsel.
 
 
 8
 If a suspect invokes his fifth amendment right to counsel during a custodial interrogation, the police must cease questioning the suspect and cannot resume questioning unless the suspect (1) "himself initiates further communication, exchanges, or conversation with the police" and (2) knowingly, intelligently, and voluntarily waives the right to counsel that he previously invoked. Smith v. Illinois, 469 U.S. 91, 95 (1984) (per curiam); Edwards v. Arizona, 451 U.S. 477, 484-86 & n. 9 (1981); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). Similarly, once a defendant has invoked his sixth amendment right to counsel, the police cannot question the defendant unless he initiates contact and knowingly and intelligently waives his right to counsel. Patterson v. Illinois, 487 U.S. 285, 290-91 (1988); Michigan v. Jackson, 475 U.S. 625, 636 (1986).[1]
 
 
 9
 After the FBI arrested Fairchild on November 9, they read him his Miranda rights, he waived them and told them he would speak only to the "feds," Agent Tibaldi gave Fairchild his card, Fairchild requested counsel, and the interview ended. Sometime later, Agent Woo noticed a phone message for Tibaldi from Fairchild that was checked "please call." Tibaldi was out of town, so Woo called the jail and arranged an interview. On November 14, Woo and representatives from the DEA and Secret Service met with Fairchild. Woo told Fairchild that they were there in response to his message, Fairchild admitted that he had initiated the meeting and that he wanted to cooperate with the federal agents (but not the local police). Miranda warnings were read to Fairchild, and he waived them.[2] Fairchild then made incriminating statements. After he said that he wanted to speak with his lawyer, the interview ended.
 
 
 10
 Fairchild's call to Agent Tibaldi, his acknowledgment that he initiated contact, and his statement that he wanted to talk with the agents establish that Fairchild initiated contact with the police.
 
 III
 
 11
 Fairchild contends that the district court erred by denying his motion to dismiss the indictment because the government destroyed his computer data files, which were potentially exculpatory.
 
 
 12
 The state's failure to preserve or collect evidence that is only potentially useful is not a denial of due process unless the defendant shows bad faith on the part of the police and shows that the loss of evidence prejudiced the defendant's case. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); California v. Trombetta, 467 U.S. 479, 488-09 (1984); United States v. Dring, 930 F.2d 687, 693 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992). To establish prejudice, the defendant "must at least make a plausible showing that the [evidence] ... would have been material and favorable to his defense, in ways not cumulative to [other evidence]." Dring, 930 F.2d at 693-94 (quotation omitted).
 
 
 13
 We affirm the denial of the motion to dismiss. Fairchild has not shown bad faith by the police. Youngblood, 488 U.S. at 58. The police's most egregious conduct was failing to make backup copies, but this is only incompetence, not bad faith. Moreover, Fairchild did not make a plausible showing that the data was material and favorable to his defense. See Dring, 930 F.2d at 693-94.
 
 IV
 
 14
 Fairchild argues that the district court erred by denying his motion to replace counsel filed one week before his trial date.
 
 
 15
 The district court's refusal to substitute counsel is reviewed for an abuse of discretion. United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990). In reviewing whether the district court abused its discretion, this court considers (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the defendant's complaint, and (3) whether the conflict between the defendant and counsel was so great that it resulted in a total lack of communication preventing an adequate defense. Id.
 
 
 16
 First, turning to the timeliness prong of the Walker test, the district court held that Fairchild's motion was not timely because it was filed a week before trial. When it is viewed in isolation, the timeliness prong does not necessarily weigh against Fairchild's motion. See id. at 482-83 (timeliness prong does not dispose of motion filed one week before trial when district court did not indicate that the timing affected its decision). Here, however, Fairchild waited until a week before trial before raising concerns about the representation of his attorney, who had represented him for over a year. The district court did not err by concluding that Fairchild made the motion to delay his trial, given that any issues Fairchild had with his counsel's representation would have been apparent for a long time and given that Fairchild had requested and received new counsel on two prior occasions. See United States v. Garcia, 924 F.2d 925, 926 (9th Cir.) (motion not timely when it was submitted six days before trial without an explanation regarding why the need for new counsel had not been apparent earlier), cert. denied, 111 S.Ct. 982 (1991).
 
 
 17
 Second, the district court's inquiry into Fairchild's complaint satisfies the second prong of the Walker test: the adequacy of the district court's inquiry into the accused's complaint. See Walker, 915 F.2d at 482. The district court held three hearings and appointed a psychiatrist to evaluate Fairchild's competency. The court also questioned Fairchild thoroughly about his complaint and the nature of the conflict.
 
 
 18
 Third, the district court did not abuse its discretion by concluding that the conflict between Fairchild and his attorney did not require substitute counsel. Fairchild did refuse to talk with his attorney, which initially suggests the "total lack of communication preventing an adequate defense" that requires the district court to substitute counsel. See id. at 483.
 
 
 19
 In Walker, however, there was no suggestion that Walker filed his motion to delay the trial, the district court did not conduct an adequate inquiry into the nature of Walker's complaint, and Walker had legitimate disagreements with his attorney, who did a very cursory job of representing him. See id. at 482-85. In contrast, Fairchild was a difficult client who fired two previous court-appointed attorneys, he waited well over a year before challenging his third court-appointed attorney's performance one week before trial, and he made only vague and unsubstantiated allegations about her performance, such as disagreements about discovery matters, his attorney's failure to help him with appeals to the Ninth Circuit on non-appealable orders, and her failure to prepare four witnesses, three of whom he did not name.
 
 
 20
 Moreover, unlike the attorney in Walker, Fairchild's attorney represented her client ably. Of course, the competence of counsel is not dispositive; the focus of the court's inquiry on a motion to substitute counsel is on the nature of the conflict, not on whether counsel is competent. Id. at 483; Hendricks v. Zenon, 993 F.2d 664, 671 (9th Cir.1993); cf. United States v. Cronic, 466 U.S. 648, 656-59 (1984) (complete denial of counsel does not require showing of prejudice). But competence is relevant to the reasonableness of Fairchild's complaint, and it supports the district court's conclusion that Fairchild's allegations were unsubstantiated and that he made his motion to delay the trial. Cf. United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991) ("there is no sixth amendment right to a 'meaningful relationship' between an accused and counsel") (quoting Morris v. Slappy, 461 U.S. 1, 14 (1983)).
 
 
 21
 The district court did not abuse its discretion by denying Fairchild's motion for substitute counsel.[3]
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court assumed, and the parties do not dispute, that Fairchild's sixth amendment right to counsel had attached because he had been arraigned in state court for the same conduct. See United States v. Martinez, 972 F.2d 1100, 1102-05 (9th Cir.1992)
 
 
 [2]
 Fairchild does not argue that his waiver of counsel and other Miranda rights following his initiation of contact was not knowing, voluntary, and intelligent
 
 
 [3]
 Fairchild's motion for release pending appeal is denied as moot