48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Cruz Lopez LAGUNAS, Defendant-Appellant.
 No. 93-30344.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1995.
Decided Feb. 23, 1995.
 
 Appeal from the United States District Court, for the Western District of Washington, D.C. No. CR-92-01613-T; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 REVERSED.
 Before: WRIGHT, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lagunas was charged with one count of conspiracy to distribute heroin and three counts of distributing heroin. Six days before trial his attorney moved for leave to withdraw and to appoint substitute counsel because of irreconcilable attorney-client differences. The next day, Lagunas wrote a letter explaining the need for substitution. The court denied the motion. A jury convicted Lagunas on all counts. He appeals the judgment and the court's denial of his request for substitution of counsel.[1]
 
 
 3
 This court reviews for abuse of discretion a refusal to substitute counsel. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir.1994). In doing so, it considers: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and the attorney was so great that it resulted in a total lack of communication preventing an adequate defense. Id.
 
 
 4
 The timeliness of the motion depends on the circumstances of the case. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.), cert. denied, 501 U.S. 1210 (1991). These circumstances are similar to those of United States v. Walker, 915 F.2d 480 (9th Cir.1990) (defendant wrote to judge six days before trial, but did not formally move for substitution until day before trial). Lagunas moved for substitution much earlier than did Walker. His motion was timely but the timeliness of his motion is not dispositive. See id. at 482-83; Bland, 20 F.3d at 1476.
 
 
 5
 The adequacy of the court's inquiry depends, in part, on its focus. It must focus on the nature and extent of the attorney-client conflict. Walker, 915 F.2d at 483. But the district court's inquiry in the case before us focused only on the attorney's qualifications and competence. That was insufficient as a matter of law. Id.
 
 
 6
 The extent of the conflict is measured by the amount of communication between the defendant and counsel and its effect on the defense. Lagunas made a "prima facie showing of an irreconcilable conflict" between himself and his attorney. See id. at 484. Counsel told the court in unambiguous terms that the breakdown in communication between them was so severe that he could not present an adequate defense. Lagunas confirmed the existence and severity of the breakdown in his letter and testimony. The evidence established a breakdown in communication that made an adequate defense highly improbable, if not impossible.
 
 
 7
 Balancing all of these factors, we conclude that the court abused its discretion in denying the motion for substitution of counsel. The failure to substitute counsel is a structural defect which defies harmless error analysis. Rice v. Wood, Nos. 93-99011 and 93-99012, slip op. 39, at 50 (9th Cir. Jan. 4, 1995). We reverse and remand for a new trial.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He also appeals the court's admission into evidence of English-language transcripts of Spanish-language recordings. Given our resolution of the first issue, however, we need not reach the second issue