UNITED STATES OF AMERICA, Plaintiff–Appellee,

v.

Gabriel MARTINEZ–VILLEGAS, Jr., Defendant–Appellant.

No. 98–50056.

D.C. No. CR–96–01123–DWW–02.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2001.*

Decided March 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

698

Before LEAVY, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

We affirm. Because the parties are familiar with the facts of this case, we recount them here only as necessary to explain our decision.

A. Outrageous Government Conduct

■ A motion to dismiss on grounds of unreasonable governmental conduct is a question of law reviewed *de novo,* and the court's factual findings are reviewed for clear error. *United States v. Mitchell,* 915 F.2d 521, 522 (9th Cir.1990); *United States v. Ramirez,* 710 F.2d 535, 539–40 (9th Cir. 1983).

■ The defense of outrageous government conduct is "most narrow" and will be recognized only where the police engineer and direct the criminal enterprise from start to finish. *See Ramirez,* 710 F.2d at 539–40.

■ Martinez–Villegas, Jr. has not demonstrated that the government manufactured the crime from start to finish. It was Martinez–Villegas, Jr.'s coconspirator, Tino Martinez–Guttierez, who told Agent

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Leyva that his "Compadre Gabriel" was capable of transporting cocaine to various cities. Further, when Martinez–Villegas, Jr. first met with Agent Leyva, he indicated that he had been involved in cocaine transportation for approximately five years and had moved drugs to many cities. Finally, Martinez–Villegas, Jr.'s subsequent actions demonstrated his experience with drug transportation, particularly when he asked Agent Leyva if each kilogram of cocaine had been sealed with grease to mask the odor emitted by the drug. *See United States v. Franco,* 136 F.3d 622, 629 (9th Cir.1998) (rejecting defense of outrageous government conduct under similar circumstances).

**B. Substitution of Defense Counsel**

■ We review for an abuse of discretion the district court's denial of Martinez–Villegas, Jr.'s request to substitute counsel. *United States v. Corona–Garcia,* 210 F.3d 973, 976 (9th Cir.2000). "There are three elements which must be examined in reviewing a district court's denial of a substitution motion: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *United States v. Castro,* 972 F.2d 1107, 1109 (9th Cir.1992).

■ Martinez–Villegas, Jr.'s motion was not timely. He waited until six days before trial to seek new counsel, and none of the three substitute attorneys identified as being acceptable had any familiarity with the case. *See United States v. Garcia,* 924 F.2d 925, 926 (9th Cir.1991) (motion filed six days before trial is not timely).

■ The court's inquiry was adequate. At defense counsel's request, the court conducted the hearing ex parte. *See Coro-na–Garcia,* 210 F.3d at 977 (approving of ex parte hearing). The court exhaustively examined Martinez–Villegas, Jr. about why he sought new counsel. It is true that the court suggested Martinez–Villegas, Jr.'s motion was merely a "stunt ... to postpone this trial." But, the court remained open-minded, stating, "[d]isabuse me of that notion. Tell me why you think to the contrary. Why have you waited then until the eve of trial and then stated to me I want to get rid of this lawyer[?]" The court also examined defense counsel personally and in-depth. Counsel indicated that he thoroughly investigated the case, spoke with his client "much more so than in normal cases," filed several motions on behalf of his client, and tried to plea bargain with the government. *See Corona–Garcia,* 210 F.3d at 976–77 (approving of similar inquiry); *Castro,* 972 F.2d at 1109–10 (same).

■ Finally, the alleged conflict between Martinez–Villegas, Jr. and his counsel was not severe. Neither the fact that counsel's motions to dismiss were unsuccessful, nor counsel's legal opinion that his client's entrapment defense was unlikely to succeed at trial is a valid ground for seeking new counsel. *See Corona–Garcia,* 210 F.3d at 977 n. 2 (opining that trial tactics are clearly within the realm of powers committed to the discretion of defense counsel). Moreover, at trial, defense counsel presented a forceful entrapment argument, which convinced the district judge to impose a sentence substantially shorter than the one recommended by the Probation Department. *See Garcia,* 924 F.2d at 927 ("The record reflects that [defense counsel] defended [the defendant] fully and forcefully.").

Under these circumstances, the district court did not abuse its discretion in deny-

ing Martinez–Villegas, Jr.'s motion to substitute counsel.

## C.  Entrapment

■■■■ "The defense of entrapment contains two elements: (1) government inducement of the crime, and (2) the absence of predisposition on the part of the defendant." *United States v. Jones*, 231 F.3d 508, 516 (9th Cir.2000).  Where an entrapment defense was submitted to the jury, as it was here, an appellate court should not disturb the jury's finding unless, when viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the government had disproved either of the elements of the entrapment defense.  *Id.*  Because we conclude that the government presented sufficient evidence to disprove the "inducement" element, our analysis ends there.

■■■■ "Inducement has been defined as repeated and persistent solicitation or persuasion which overcomes the defendant's reluctance.  Mere suggestions or the offering of an opportunity to commit a crime is not conduct amounting to inducement." *United States v. Simas*, 937 F.2d 459, 462 (9th Cir.1991) (internal quotations and citations omitted).  During trial, the government demonstrated that Agent Leyva did not repeatedly or persistently solicit or persuade Martinez–Villegas, Jr. to transport drugs so as to overcome his initial reluctance.  In fact, Martinez–Villegas, Jr. accepted Agent Leyva's *first* request to transport cocaine back east.  Furthermore, Martinez–Villegas, Jr. offered to transport drugs to Florida because he and his father had an "open route" to that

state.  Finally, Martinez–Villegas, Jr. accepted Agent Leyva's *first* solicitation to transport 100 kilograms of cocaine to San Francisco.  Indeed, Martinez–Villegas, Jr. even bragged that he and his father could make deliveries of narcotics in any area of California without any problem.  There was neither hesitation nor reluctance on his part.

## D.  Minor/Minimal Role Adjustment

■■■■ "A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous." *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994).

■■■■ Justifying his decision not to reduce Martinez–Villegas, Jr.'s sentence on the basis of any alleged minor role Martinez–Villegas, Jr. played in the offense, Judge Williams wrote:

> [Martinez-]Villegas, Jr .... was present during the two meetings where the transportation of the cocaine was negotiated and was the person who actually picked up and attempted to transport the cocaine ... Each defendant played a mutually supportive role, and each defendant's participation was integral to the completion of the offense.  "Accordingly, a two-level adjustment for role in the offense is [not] warranted." [1]

These findings are not clearly erroneous.  Accordingly, the district court did not err in refusing to grant Martinez–Villegas, Jr. a sentence reduction based on

---

**1.** Actually, the court wrote: "Accordingly, a two-level adjustment for role in the offense is warranted."  This was a misstatement, as the court obviously intended to *deny* the two-level adjustment for role in the offense.  Martinez–

Villegas, Jr. acknowledges that the district court intended to deny the minor role reduction.  He argues, however, that the "at least a two-point reduction [for minimal role in the offense] was in order."

his alleged minor or minimal role in the offense.

AFFIRMED.