UNITED STATES of America,
Plaintiff–Appellee,

v.

Gustavo CHAVARRIAGA–GOMEZ,
Defendant–Appellant.

No. 00–50395.

D.C. No. CR–98–00503–MMM–2.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Aug. 13, 2001 *.

Decided Aug. 29, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Gustavo Chavarriaga–Gomez appeals his guilty plea conviction and 188–month sentence for one count of conspiracy to aid and abet the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss in part and affirm in part.

■ Chavarriaga–Gomez contends that the district court abused its discretion by denying his second motion for substitution of counsel.[1] We review the district court's exercise of discretion by considering three factors: 1) the timeliness of the motion; 2) the adequacy of the district court's inquiry regarding defendant's complaint; and 3) whether the conflict between defendant and counsel was so great that it resulted in a total lack of communication preventing an adequate defense. *See United States v. Roston*, 986 F.2d 1287, 1292 (9th Cir.1993) (citation omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. To the extent that Chavarriaga–Gomez is also challenging the district court's denial of his first motion for substitution of counsel, the right to appeal that denial has been waived by his guilty plea. *See United States v. Reyes–Platero*, 224 F.3d 1112, 1114–15 (9th Cir. 2000), *cert denied*, 531 U.S. 1117, 121 S.Ct. 868, 148 L.Ed.2d 780 (2001); *Tollet v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). We therefore dismiss that portion of the appeal. *Reyes–Platero*, 224 F.3d at 1115.

512

First, Chavarriaga–Gomez's motion for substitution of counsel was untimely. *Id.* The motion was filed a year after Chavarriaga–Gomez pleaded guilty and less then a month before the scheduled sentencing. Given the complexity of the case and the volume of discovery material, the district court did not abuse its discretion by finding that substitution of counsel would have caused substantial delay. *See United States v. Garcia,* 924 F.2d 925, 926 (9th Cir.1991).

Second, the district court conducted an extensive inquiry into Chavarriaga–Gomez's complaints, holding an ex parte hearing with testimony from Chavarriaga–Gomez and his counsel. The district court's inquiry was fully adequate. *See United States v. Corona–Garcia,* 210 F.3d 973, 977 (9th Cir.2000).

Third, both Chavarriaga–Gomez and counsel testified that they were communicating with each other. *See United States v. Castro,* 972 F.2d 1107, 1110 (9th Cir. 1992) (affirming denial of substitution of counsel despite defendant's disagreement with strategy). Furthermore, the record reflects that Chavarriaga–Gomez's defense was not hindered. *See Garcia,* 924 F.2d at 927.

Accordingly, the district court did not abuse its discretion in denying Chavarriaga–Gomez's second motion for substitution of counsel. *See United States v. George,* 85 F.3d 1433, 1439 (9th Cir.1996).

DISMISSED IN PART, AFFIRMED IN PART.