**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Clemente IBANEZ–ESPINOSA, aka**
**Clement Ibanez–Espinosa,**
**Defendant—Appellant.**

No. 05–50778.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed July 3, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Carla J. Bressler, Caleb E. Mason, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Law Offices of Timothy A. Scott, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM *

We review the denial of a motion to substitute counsel for abuse of discretion

in light of the following three factors: the timeliness of the motion, the adequacy of the district court's inquiry, and whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense. *E.g., United States v. Garcia,* 924 F.2d 925, 926 (9th Cir.1991). Because these factors do not balance in Ibanez's favor, the district court did not abuse its discretion in denying his motion for substitution. *See id.*

First, the conflict between Ibanez and his attorney did not "create a total lack of communication" that "prevented an adequate defense." *See United States v. Schaff,* 948 F.2d 501, 505 (9th Cir.1991). Ibanez wanted to plead guilty to the charges in the indictment. His attorney disagreed with her client's choice. Although Ibanez and his attorney had differing opinions regarding the guilty plea, it is well-settled that strategy disagreements do not compel substitution of counsel. *See id.* at 504. Nor does our case law entitle a legally competent defendant to new counsel merely because the defendant does not understand his attorney—neither frustration with counsel's legal explanations nor a lack of understanding caused by cultural or language barriers are cognizable reasons to substitute an attorney in the Ninth Circuit. *See, e.g., Schaff,* 948 F.2d at 504; *United States v. Castro,* 972 F.2d 1107, 1110 (9th Cir.1992). Ibanez has not established on this record that the alleged breakdown in communication prevented him from presenting a defense; he repeatedly indicated that he did not wish to defend himself at all. *See Castro,* 972 F.2d at 1110.

Second, the district court's inquiry into the reasons for the motion was not so

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

inadequate as to amount to an abuse of discretion. Our case law uniformly requires that the district court have a "sufficient basis for reaching an informed decision." *E.g., United States v. Smith*, 282 F.3d 758, 764 (9th Cir.2002). Here, the district court held a hearing during which it questioned both Ibanez and his attorney about the reasons for the motion. The judge specifically asked Ibanez why it would help him to have a new attorney. Ibanez offered only his consistently stated desire to plead guilty, which, he alleged, his attorney failed to understand:

> THE COURT: Mr. Ibanez, why would it help if I appointed a different lawyer for you?
>
> THE DEFENDANT: I just wanted to plead guilty. I want to be sentenced.
>
> THE COURT: Answer my question and we can get to yours. Why would it help at this point for me to give you a different lawyer?
>
> THE DEFENDANT: I want to plead guilty. The attorney—I want to make her understand it.
>
> THE COURT: She understood that you have said that. What she wants to make sure is that that's really what you want to do. Is that really what you want to do?
>
> THE DEFENDANT: Plead guilty.
>
> THE COURT: Sounds like it is just a difference in what in the case is going on. This fellow strikes me, Ms. Franklin, he is ready to be done with this.
>
> . . . .
>
> . . . Is that the way you feel, Mr. Ibanez? You are ready to be finished with his [sic] proceeding?
>
> THE DEFENDANT: Yes.

The attorney's stated reason for the motion was equally unconvincing. The attorney explained that Ibanez could not understand his trial options or the advice that she was trying to give because he was "mentally slow." Yet, a court psychologist found Ibanez to be legally competent. Nor was the plea "rushed." The district judge took the plea nearly four months after the substitution hearing and there is no challenge that Ibanez's guilty plea was unknowing or involuntary. We cannot say it was an abuse of discretion for the district court to credit Ibanez's statements, evaluate the attorney's explanations, and rely on them in concluding that substitution was unwarranted.

Ibanez's statements coupled with the district court's own observations and defense counsel's thorough description of the issues provided the court with a "sufficient basis for reaching an informed decision." *See Smith*, 282 F.3d at 764. This case is distinguishable from *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir.2000), and similar cases where the district court failed to conduct *any* inquiry whatsoever. Whereas in *Musa*, "the district court made no inquiry at all," here, the transcript of the substitution hearing spans thirteen pages. 220 F.3d at 1102. Unlike *Musa*, the district court inquired into the reasons for the motion and found that they were insufficient to grant the motion. Such an inquiry must be distinguished from simply dismissing a motion without a hearing and summarily concluding that "[n]o. I don't see any reason to [substitute counsel]," as the district judge did in *Musa*, 220 F.3d at 1102. Viewing the record as a whole, we cannot say that the district court abused its discretion in denying Ibanez's motion to substitute counsel.

**AFFIRMED.**